**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATY WILLIAMS; GARY EVANS; and Minor Plaintiffs A.C., Am.E. and Aa.E., by and through their Guardian Ad Litem, JOHN GARTER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and COUNTY OF SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY,<br><br>Defendants. | Case No.: 17cv815-MMA (JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF**<br><br>[Doc. No. 25] |

Plaintiffs Katy Williams, Gary Evans, and minor plaintiffs A.C., Am.E., and Aa.E., by and through their Guardian ad Litem, John Garter (collectively, "Plaintiffs") have filed their First Amended Complaint ("FAC") against Defendant County of San Diego[1] ("Defendant") alleging: (1) a *Monell* claim based upon violations of Plaintiffs' First, Fourth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; and (2) injunctive relief. *See* FAC. Defendant moves to dismiss Plaintiffs' amended claim for

---

[1] The County was also erroneously sued as "San Diego Health and Human Services Agency."

injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  *See* Doc. No. 25.

Plaintiffs filed an opposition, to which Defendant replied.  *See* Doc. Nos. 26, 27.  The

Court found the matter suitable for determination on the papers and without oral

argument pursuant to Civil Local Rule 7.1.d.1.  Doc. No. 28.  For the reasons set forth

below, the Court **DENIES** Defendant's motion.

## BACKGROUND[3]

Plaintiff Katy Williams ("Williams") is the natural mother of A.C., Am.E., and

Aa.E ("Minor Plaintiffs").  FAC ¶ 8.  Williams has another minor child, D.C., who is not

a plaintiff in this action.  *Id.*  Plaintiff Gary Evans ("Evans") is the natural father of

Am.E. and Aa.E.  *Id.* ¶ 9.  Williams and Evans share custody of Am.E. and Aa.E, and

Williams has sole custody of A.C.  *Id.* ¶¶ 10-11.  On April 24, 2017, the Court appointed

Mr. John Garter as Guardian ad Litem for Minor Plaintiffs.  *See* Doc. No. 4.

In 2013, Defendant first became acquainted with Williams and her children after

an incident involving D.C.'s father, Jason Clark ("Clark").  *Id.* ¶ 12.  Clark became

violent with Williams and threatened to kill her.  *Id.*  As a result, Williams obtained a

restraining order against Clark.  *Id.*

In June 2014, County of San Diego Health and Human Services Agency

("HHSA") filed a petition on D.C.'s behalf alleging D.C. sustained bruises to his head,

"which would not ordinarily be sustained except as a result of the unreasonable acts of

D.C.'s father[.]"  *Id.* ¶ 13.  Juvenile dependency proceedings commenced shortly

---

[2] Defendant also moves to dismiss Plaintiffs' *Monell* cause of action based on violations of the First Amendment.  *See* Doc. No. 25.  However, in their opposition to the instant motion, Plaintiffs withdrew "all of their First Amendment claims in the First Amended Complaint."  Doc. No. 26 at 2 n1. As such, the Court **DENIES AS MOOT** Defendant's motion to the extent it pertains to Plaintiffs' *Monell* claim based on violations of the First Amendment.

[3] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the FAC.  *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

thereafter. *See id.* D.C. lived with Williams during this time, and Clark was no longer able to have unsupervised visits with his son. *See id.* Clark, angry about the supervised visits with D.C., began making "false allegations against Williams and [Evans.]" *Id.* ¶¶ 14-15.

In January 2016, Clark reported a bruise near D.C.'s eye to HHSA. *See id.* ¶ 18. D.C. "hit his left eye on a corner of a kitchen island while playing with Minor Plaintiff Aa.E." *Id.* ¶ 18. Social worker Daniel Bernal ("Bernal") inspected the bruise on January 8, 2016. *See id.* ¶ 18. During Bernal's investigation, Bernal informed Williams that he wished to interview minor plaintiff Aa.E. alone, but Williams did not consent to such an interview. *See id.* ¶ 19. On January 11, 2016, Evans and Williams' attorney sent a letter to the County, HHSA, and Bernal, indicating that "Minor Plaintiffs were represented by counsel and that no interviews of Minor Plaintiffs A.C., Am.E. or Aa.E. should take place without counsel present." *Id.* ¶ 20.

On January 12, 2016, D.C. sustained additional injuries to his head when "he ran into a doorknob at his home[.]" *Id.* ¶ 21. Williams took D.C. to the hospital, and the doctor discharged D.C. indicating that D.C. "sustained a 'normal childhood injury.'" *Id.* Clark, once again, reported the incident to the HHSA hotline. *See id.*

On January 19, 2016, Bernal went to A.C.'s middle school, instructed staff to remove her from her classroom, and "detained her against her will" without court order, parental consent, knowledge, or presence. *Id.* ¶ 22. That same day, Bernal also visited Am.E. and Aa.E.'s elementary school, instructed staff to remove them from their classrooms, and "detained them against their will" without court order, parental consent, knowledge, or presence. *Id.* ¶ 23. Once the children were removed from their classrooms, Bernal, social worker Janet Barragan ("Barragan"), and social worker Miriam Partida ("Partida") "interrogated" the children, despite the fact that Bernal, the County, and HHSA "were informed in writing" that Evans and Williams "did not want their minor children to be interviewed by social workers with the County and HHSA without a parent and/or attorney being present at that interview." *Id.* ¶ 24. Notably, there

were not, nor have there ever been, any allegations that Minor Plaintiffs were abused or neglected by their parents, or any other individuals. *See id.*

During the interviews, the social workers inquired about Minor Plaintiffs' safety at home, how their parents disciplined them, and whether D.C. "was an active child." *Id.* ¶ 25. The social workers did not inform the Minor Plaintiffs that they could decline to be interviewed, nor were they given a choice about being interviewed "once they were detained and confronted by the County workers." *Id.* ¶ 26. Further, the Minor Plaintiffs "were not informed that they could have a parent and/or an attorney present for the interviews." *Id.* At the time of the interviews, the social workers "did not have exigency, Court Order, parental consent, knowledge or presence, or even reasonable suspicion that the Minor Plaintiffs were the subject of abuse or neglect." *Id.* ¶ 27.

Clark "continues to make false allegations" and on December 29, 2017, social worker Lisette Alvarez ("Alvarez") contacted Williams to inquire about conducting an in-person interview regarding disciplinary issues involving Williams' children. *See id.* ¶ 28. On January 11, 2018, Alvarez "reiterated her intent" to interview Williams and her children. *See id.* ¶ 29. Williams indicated that she agreed for a meeting with herself, D.C., and her counsel, but that she would not agree to interviews of her other children. *See id.* Alvarez, however, "*refused to agree not to go to the schools*" of the Minor Plaintiffs pursuant to Defendant's "policies that allowed her to conduct such interviews[.]" *Id.* (emphasis in original).

Based on these allegations, Plaintiffs commenced the instant action. Plaintiffs seek general damages and injunctive relief. *See* FAC. The Court previously found Plaintiffs have sufficiently alleged a *Monell* claim based on violations of Minor Plaintiffs' Fourth Amendment rights, and Evans and Williams' Fourteenth Amendment substantive and procedural due process rights. *See* Doc. No. 23 at 23. The Court, however, dismissed Plaintiffs' claim for injunctive relief with leave to amend. *See id.* at 25. Defendant now moves to dismiss Plaintiffs' amended claim for injunctive relief for failure to state a claim pursuant to Rule 12(b)(6). *See* Doc. No. 25.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

The Court previously determined that Plaintiffs lacked standing to pursue their claim for injunctive relief based on the failure to allege that the social workers "will conduct in-school interviews of the Minor Plaintiffs again in a similar way." Doc. No. 23 at 24. The Court granted Plaintiffs leave to amend their claim, and Plaintiffs filed their FAC setting forth the additional allegations regarding Clark's additional false allegations and Alvarez's intent to conduct further interviews of Minor Plaintiffs. *See* FAC ¶¶ 28-29. Based on these allegations, Plaintiffs seek "an order enjoining and prohibiting" Defendant from "failing to establish, implement, and follow policies, procedures, customs and practices . . . as to the seizure, detention and interrogation of minor children at public schools without parental consent, presence or knowledge, Court Order, or exigent circumstances." *Id.* ¶ 42.

Defendant moves to dismiss Plaintiffs' amended claim for injunctive relief, arguing that Plaintiffs' "allegation that this investigation may cause the County to conduct in-school interviews of Minor Plaintiffs in a similar way is purely speculative." Doc. No. 25-1 at 2. In opposition, Plaintiffs contend that Defendant's in-school interview policies, coupled with the open investigation against Williams, "create a sufficient likelihood that there is a real threat of future Constitutional violations against [M]inor Plaintiffs." Doc. No. 26 at 4.

To establish Article III standing, a plaintiff must show that he or she suffered an "injury in fact," that the injury is "fairly traceable" to the challenged conduct, and that it is "likely" and not just "speculative" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The Supreme Court has cautioned that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient

1  likelihood that he will again be wronged in a similar way." *Canatella v. State of*

2  *California*, 304 F.3d 843, 852 (9th Cir. 2002) (internal quotation marks and citations

3  omitted).

4       Here, the Court finds that Plaintiffs sufficiently allege standing to pursue their

5  injunctive relief claim.  Contrary to Defendant's assertion that Plaintiffs' alleged threat of

6  future harm is purely speculative, Plaintiffs allege that Clark continues to report allegedly

7  false claims to the County, there is an open investigation against Williams regarding

8  D.C., Alvarez has indicated on two recent occasions that she wishes to conduct an in-

9  person interview with Williams, D.C., and the Minor Plaintiffs regarding the latest

10 allegations made by Clark, that Alvarez refused to agree not to go to the schools of the

11 Minor Plaintiffs and interview them without court order, and that Alvarez indicated that

12 the County's policies permit her to conduct such interviews despite there being no

13 evidence that there are exigent circumstances.  *See* FAC ¶¶ 28-29.  Plaintiffs contend that

14 "unless enjoined, they have no adequate remedy at law to prevent or prohibit Defendant

15 from continuing, and/or repeating is unlawful and unconstitutional conduct and

16 policies[.]" Doc. No. 26 at 6.  Thus, based on Plaintiffs' allegations, the Court finds that

17 there are "at least some 'continuing, present adverse effects[.]'" *Canatella*, 304 F.3d at

18 853 (quoting *Lyons*, 461 U.S. at 102).

19       Defendant further argues that Plaintiffs have not sufficiently alleged that they are

20 likely to be wronged again in a similar way.  *See* Doc. No. 27 at 4-6.  Defendant focuses

21 on the fact that a new social worker, Lisette Alvarez, is conducting this investigation.

22 However, that a different social worker is conducting the investigation does not make it

23 implausible that Minor Plaintiffs could be interviewed again in a similar manner,

24 especially in light of Plaintiffs' claim that Alvarez refused to agree not to go to the

25 schools of Minor Plaintiffs and conduct such interviews.  *See* FAC ¶ 29.  Defendant also

26 contends that "the manner in which Plaintiffs allege that social workers conducted in-

27 school interviews in 2016 is not likely to be repeated." Doc. No. 27 at 5.  Yet Plaintiffs

28 allege that Defendant's policy allows social workers to conduct interviews of minors at

their school without consent, court order, or exigent circumstances.  *See* FAC ¶¶ 31, 34.

Plaintiffs further allege that Defendant has "not changed or modified such actions,

conduct and/or policies to conform to law."  *Id.* ¶ 40.  Thus, the Court finds that it is

plausible that based on the current open investigation, Alvarez's stated intention to

interview the children, and Alvarez's claim that she can interview the children at school

without parental consent, court order, or allegations of child abuse or neglect, Plaintiffs

have shown "a sufficient likelihood that [they] will again be wronged in a similar way."

*Canatella*, 304 F.3d at 852.  While "past wrongs do not in themselves amount to [a] real

and immediate threat of injury necessary to make out a case or controversy," *Lyons*, 461

U.S. at 103, "past wrongs are evidence bearing on whether there is a real and immediate

threat of repeated injury" *O'Shea*, 414 U.S. at 496.

      Accordingly, the Court concludes that Plaintiffs have pleaded facts sufficient to

demonstrate standing to pursue injunctive relief.  *See Canatella*, 304 F.3d at 853

("Because the equitable relief he seeks would alleviate the harm he has alleged, Canatella

demonstrates standing and his claims should be allowed to proceed.").

**CONCLUSION**

      Based on the foregoing, the Court **DENIES** Defendant's motion to dismiss

Plaintiffs' amended claim for injunctive relief.  Defendant must file an answer to the First

Amended Complaint within fourteen (14) days from the date this Order is filed.  *See* Fed.

R. Civ. P. 12(a)(4)(A).


      **IT IS SO ORDERED.**


Dated:  April 11, 2018

HON. MICHAEL M. ANELLO
United States District Judge