**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATY WILLIAMS; GARY EVANS; and Minor Plaintiffs A.C., Am.E. and Aa.E., by and through their Guardian Ad Litem, JOHN GARTER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and COUNTY OF SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY,<br><br>Defendants. | Case No.: 17cv815-MMA (JLB)<br><br>**ORDER OVERRULING PLAINTIFF KATY WILLIAMS' OBJECTIONS TO MAGISTRATE JUDGE'S OCTOBER 15, 2018 ORDER**<br><br>[Doc. No. 58] |

Plaintiffs Katy Williams, Gary Evans, and minor plaintiffs A.C., Am.E., and Aa.E., by and through their Guardian ad Litem, John Garter (collectively "Plaintiffs") filed this action against Defendant County of San Diego[1] ("Defendant" or "County") alleging claims for: (1) *Monell* liability based upon violations of Plaintiffs' Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; and (2) injunctive relief. *See* FAC. On October 15, 2018, Magistrate Judge Jill L. Burkhardt issued an order denying Plaintiff Katy Williams' ("Williams") motion to compel further response from Defendant to

---

[1] The County was also erroneously sued as "San Diego Health and Human Services Agency."

Interrogatories, Set One, and Request for Production of Documents, Set One. *See* Doc. No. 49.

On October 29, 2018, Williams filed objections to the magistrate judge's order pursuant to Federal Rule of Civil Procedure 72(a). *See* Doc. No. 58. Defendant filed an opposition to Williams' objections, to which Williams replied. *See* Doc. Nos. 65, 69. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 70. For the reasons set forth below, the Court **OVERRULES** Williams' objections to the magistrate judge's October 15, 2018 order.

## FACTUAL BACKGROUND

Williams is the natural mother of A.C., Am.E., and Aa.E ("Minor Plaintiffs"). FAC ¶ 8. Williams has another minor child, D.C., who is not a plaintiff in this action. *Id.* Plaintiff Gary Evans ("Evans") is the natural father of Am.E. and Aa.E. *Id.* ¶ 9. Williams and Evans share custody of Am.E. and Aa.E, and Williams has sole custody of A.C. *Id.* ¶¶ 10-11. On April 24, 2017, the Court appointed Mr. John Garter as Guardian ad Litem for Minor Plaintiffs. *See* Doc. No. 4.

In 2013, Defendant first became acquainted with Williams and her children after an incident involving D.C.'s father, Jason Clark ("Clark"). *Id.* ¶ 12. Clark became violent with Williams and threatened to kill her. *Id.* As a result, Williams obtained a restraining order against Clark. *Id.*

In June 2014, County of San Diego Health and Human Services Agency ("HHSA") filed a petition on D.C.'s behalf alleging D.C. sustained bruises to his head, "which would not ordinarily be sustained except as a result of the unreasonable acts of D.C.'s father[.]" *Id.* ¶ 13. Juvenile dependency proceedings commenced shortly thereafter. *See id.* D.C. lived with Williams during this time, and Clark was no longer able to have unsupervised visits with his son. *See id.* Clark, angry about the supervised visits with D.C., began making "false allegations against Williams and [Evans.]" *Id.* ¶¶ 14-15.

In January 2016, Clark reported a bruise near D.C.'s eye to HHSA. *See id.* ¶ 18. D.C. "hit his left eye on a corner of a kitchen island while playing with Minor Plaintiff Aa.E." *Id.* ¶ 18. Social worker Daniel Bernal ("Bernal") inspected the bruise on January 8, 2016. *See id.* ¶ 18. During Bernal's investigation, Bernal informed Williams that he wished to interview minor plaintiff Aa.E. alone, but Williams did not consent to such an interview. *See id.* ¶ 19. On January 11, 2016, Evans and Williams' attorney sent a letter to the County, HHSA, and Bernal, indicating that "Minor Plaintiffs were represented by counsel and that no interviews of Minor Plaintiffs A.C., Am.E. or Aa.E. should take place without counsel present." *Id.* ¶ 20.

On January 12, 2016, D.C. sustained additional injuries to his head when "he ran into a doorknob at his home[.]" *Id.* ¶ 21. Williams took D.C. to the hospital, and the doctor discharged D.C. indicating that D.C. "sustained a 'normal childhood injury.'" *Id.* Clark, once again, reported the incident to the HHSA hotline. *See id.*

On January 19, 2016, Bernal went to A.C.'s middle school, instructed staff to remove her from her classroom, and "detained her against her will" without court order, parental consent, knowledge, or presence. *Id.* ¶ 22. That same day, Bernal also visited Am.E. and Aa.E.'s elementary school, instructed staff to remove them from their classrooms, and "detained them against their will" without court order, parental consent, knowledge, or presence. *Id.* ¶ 23. Once the children were removed from their classrooms, Bernal, social worker Janet Barragan ("Barragan"), and social worker Miriam Partida ("Partida") "interrogated" the children, despite the fact that Bernal, the County, and HHSA "were informed in writing" that Evans and Williams "did not want their minor children to be interviewed by social workers with the County and HHSA without a parent and/or attorney being present at that interview." *Id.* ¶ 24. Notably, there were not, nor have there ever been, any allegations that Minor Plaintiffs were abused or neglected by their parents, or any other individuals. *See id.*

During the interviews, the social workers inquired about Minor Plaintiffs' safety at home, how their parents disciplined them, and whether D.C. "was an active child." *Id.* ¶

25. The social workers did not inform the Minor Plaintiffs that they could decline to be interviewed, nor were they given a choice about being interviewed "once they were detained and confronted by the County workers." *Id.* ¶ 26. Further, the Minor Plaintiffs "were not informed that they could have a parent and/or an attorney present for the interviews." *Id.* At the time of the interviews, the social workers "did not have exigency, Court Order, parental consent, knowledge or presence, or even reasonable suspicion that the Minor Plaintiffs were the subject of abuse or neglect." *Id.* ¶ 27.

Clark "continues to make false allegations" and on December 29, 2017, social worker Lisette Alvarez ("Alvarez") contacted Williams to inquire about conducting an in-person interview regarding disciplinary issues involving Williams' children. *See id.* ¶ 28. On January 11, 2018, Alvarez "reiterated her intent" to interview Williams and her children. *See id.* ¶ 29. Williams indicated that she agreed for a meeting with herself, D.C., and her counsel, but that she would not agree to interviews of her other children. *See id.* Alvarez, however, "*refused to agree not to go to the schools*" of the Minor Plaintiffs pursuant to Defendant's "policies that allowed her to conduct such interviews[.]" *Id.* (emphasis in original). Based on these allegations, Plaintiffs commenced the instant action.

## PROCEDURAL BACKGROUND

On July 16, 2018, the parties requested the magistrate judge's assistance with a discovery dispute. *See* Doc. No. 42. Judge Burkhardt held a telephonic Discovery Conference the following day, but the parties were unable to resolve their dispute. *See* Doc. No. 43. Judge Burkhardt ordered briefing on the issue and set a briefing schedule. *See* Doc. No. 44. Williams filed a motion to compel on September 25, 2018. *See* Doc. No. 45. Defendant filed an opposition on September 28, 2018, to which Williams replied. *See* Doc. Nos. 46, 47. On October 15, 2018, Judge Burkhardt issued an order denying Williams' motion. *See* Doc. No. 49. Williams filed the instant objections to Judge Burkhardt's order on October 29, 2018. *See* Doc. No. 58.

///

## LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless "it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 3335736, at *1 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)).

"Under Rule 72(a), [a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012) (internal quotation marks and citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

"When reviewing discovery disputes, however, the Magistrate is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citations and quotation omitted).

## DISCUSSION

Williams objects to the magistrate judge's order on two grounds, "both of which are based on the [judge's] legal conclusions." Doc. No. 58 at 10. Specifically, Williams asserts that Judge Burkhardt erred: (1) in determining that the Interrogatories and Request for Production seek information covered by the work product doctrine; and (2) in sanctioning Plaintiffs for violating the Civil Local Rules and her order regarding the Early Neutral Evaluation Conference. *See id.* at 10-11, 13. The Court addresses Williams' objections in turn.

///

1. **Motion to Compel**

First, Williams objects to the magistrate judge's order denying her motion to compel, including the magistrate judge's determination that the Interrogatories and Request for Production seek information covered by the attorney work product doctrine. Doc. No. 58 at 10-11.

In her Interrogatories, Williams asks the following:

> 1. Have YOU reviewed any documents in conjunction with the litigation filed in this case, other than those documents produced to YOU by Plaintiffs on May 18, 2018, since the litigation was filed in this matter on April 24, 2017?
>
> 2. If YOUR answer to Interrogatory No. 1. is "yes," please identify each and every document that you have reviewed, other than documents produced to YOU by Plaintiffs on April 24, 2017.

Doc. No. 50-3 at 3.

The terms "YOU" and "YOUR" are defined as "Defendant COUNTY OF SAN DIEGO, including its Health and Human Services Agency," and includes "past and present attorneys, agents, employees, representatives, agencies, organizations, entities or any of them, and any PERSON and ENTITY acting through or on YOUR behalf." *Id.* at 1.

Williams' Request for Production similarly provides, "[p]lease produce each and every DOCUMENT that YOU have identified in YOUR Responses to Plaintiff Katy Williams' Interrogatories Propounded to Defendant County of San Diego, Set One." Doc. No. 50-4 at 5.

In her objections, Williams focuses exclusively on the Juvenile Case File documents. In describing the information sought in the Interrogatories and Request for Production, Williams notes that she "clarified that the requests were seeking only information and documents from the Juvenile Case Files." Doc. No. 58 at 7 n.2 (emphasis in original). Thus, "contrary to Defendant's assertions and the Magistrate

[Judge]'s order, this Interrogatory . . . is asking whether <u>the County</u> received documents obtained from the confidential Juvenile Case Files of the Plaintiff minors after the litigation was filed." Doc. No. 69 at 3; *see also* Doc. No. 58-1 (hereinafter "Nahama Decl.") ¶ 19.

However, as noted by Judge Burkhardt, Williams "did not request the production of Juvenile Case File documents in the possession of Defendant. Rather, she requested identification of, and production of, documents reviewed by Defendant *and/or counsel* 'in conjunction with' this litigation." Doc. No. 49 at 9 (emphasis in original). Thus, in examining the express language of the Interrogatories and Request for Production, it is clear that the request encompasses more than just the Juvenile Case File documents. Moreover, in considering the parties' arguments, Judge Burkhardt noted that Defendant claimed that responding to the Interrogatories and Request for Production "would force defense counsel to divulge its strategies, impressions, and theories of the case[.]" Doc. No. 49 at 10 (quoting Doc. No. 51 at 6). Judge Burkhardt explained that the court "has no reason to question these assertions" and determined that the Interrogatories and Request for Production are "shielded from disclosure." *Id.* Thus, after citing relevant and binding authority, Judge Burkhardt concluded that "the manner in which Williams is attempting to obtain the requested documents is improper." *Id.* The Court agrees. Upon review of the record and the parties' arguments, the Court finds that Williams has not demonstrated that the magistrate judge's determination that the Interrogatories and Request for Production seek information covered by the work product doctrine was clearly erroneous or contrary to law.

Additionally, the cases cited by Williams in support of her argument are inapposite to the case at bar. Williams primarily relies on *OCI Wyoming, L.P. v. Pacificorp*, No. 3-cv-259-B, 2005 WL 8155452 (D. Wyo. Jan. 21, 2005). In *OCI Wyoming*, the district court held that documents "collected by counsel in the course of preparation for possible litigation, but [that] were not created by counsel or at the behest of counsel do not fall under the protection of the work product doctrine." 2005 WL 8155452, at *3 (internal

quotation marks omitted). However, the plaintiff in *OCI Wyoming* did not request defense counsel to identify and produce documents reviewed in conjunction with the litigation. Moreover, Williams continues to focuses exclusively on the Juvenile Case File documents, despite the fact that the express language of her requests encompass additional documents. *See* Doc. No. 50-3 at 3. Williams contends that the Juvenile Case File documents "were not prepared by or at the behest of Defendant's counsel." Doc. No. 58 at 11. While that may be true, *OCI Wyoming* does not support Williams' argument because she did not solely request the production of Juvenile Case File documents in Defendant's possession.

Further, Williams relies on *In re San Juan Dupont Plaza Hotel Fire Litigation,* a case from the First Circuit, in support of her argument that the Juvenile Case File documents are not protected by the attorney work product doctrine. 859 F.2d 1007 (1st Cir. 1988). In *San Juan*, the court explained that "[t]he key factor distinguishing such materials from protected opinion work product is that, even absent compelled disclosure, the information will probably come to light during the course of trial, if not before." *Id.* at 1016. However, "[t]he rules do not compel disclosure of matters which would likely remain inviolate in the bosom of the lodge; they merely accelerate disclosure of matters that would probably be revealed in due course." *Id.* Williams claims she "is simply attempting to 'accelerate disclosure of matters' that will ultimately be revealed in due course (albeit very lengthy due course)." Doc. No. 58 at 13 (quoting *San Juan*, 859 F.2d at 1016). However, as noted above, the Interrogatories and Request for Production request the County, including its attorneys, to identify and produce every document reviewed "in conjunction with the litigation filed in this case[.]" Doc. No. 50-3 at 3. Thus, Williams' request is much broader than she admits. Unlike *San Juan*, Defendant notes that "[b]ecause defense counsel's mental impressions are not at issue in this case, it is unlikely they will ever come to light." Doc. No. 65 at 8. As such, Williams' reliance on *San Juan* is misplaced.

Accordingly, the Court finds that Judge Burkhardt did not clearly err or act

contrary to law in finding that "the Interrogatories and Request for Production seek information covered by the work product doctrine." Doc. No. 49 at 9. Thus, the Court **OVERRULES** Williams' objection.

**2.    Sanctions**

Williams next "objects to the Magistrate's finding that Plaintiff's counsel violated both the Local Civil Rules and this Court's Order regarding the Early Neutral Evaluation Conference, and it is therefore appropriate to order Plaintiff to pay Defendant the reasonable expenses, including attorney's fees, which it incurred in opposing Williams' motion to compel [pursuant to Federal Rule of Civil Procedure 37(a)(5)]."[2] Doc. No. 58 at 13-14.

The Court finds that Judge Burkhardt correctly concluded that Williams' counsel violated both the Civil Local Rules and the court's order regarding the Early Neutral Evaluation Conference. In her order, Judge Burkhardt explained that Defendant is the prevailing party on the discovery motion. *See* Doc. No. 49 at 11. However, Judge Burkhardt indicated that she is "deeply concerned with Williams' violation of her obligation to respect the confidentiality of statements made at the Early Neutral Evaluation Conference," as Williams cited numerous representations allegedly made by defense counsel at the conference in her motion to compel. *Id.*; *see also* Doc. Nos. 50-1 at 4, 50-2 at 1, 52 at 2-3. The magistrate judge explained that "any unauthorized disclosure has served as a basis for sanctions against the violating attorney." Doc. No. 49 at 12.

Pursuant to Civil Local Rule 16.1(c)(1)(b), cited by Judge Burkhardt, "[t]he ENE conference will be informal, off the record, privileged, and confidential." CivLR

---

[2] Pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the court finds that the "motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

16.1(c)(1)(b). Moreover, Judge Burkhardt's order setting the Early Neutral Evaluation states, "[a]ll ENE Conference discussions will be informal, off the record, privileged and confidential." Doc. No. 31 at 1. Additionally, Local Rule 83.1 provides that "[f]ailure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions" including "imposition of monetary sanctions or attorneys' fees and costs." CivLR 83.1(a).

Williams argues that "[t]he disclosure of these statements . . . in these proceedings was made to prevent 'manifest injustice' to Plaintiff, and certainly not intended to violate the confidentiality of the ENE Conference proceedings." Doc. No. 58 at 16. Williams relies on *Jones v. Metropolitan Life Insurance Co.*, a case from the Northern District of California, wherein the magistrate judge explained that ADR Local Rule 6-12 outlines limited circumstances in which the need for disclosure outweighs the importance of protecting the confidentiality of mediation, including "the need to prevent manifest injustice." No. C-8-03971-JW (DMR), 2010 WL 4055928, at *8 (N.D. Cal. Oct. 15, 2010). The *Jones* court, however, did not analyze Civil Local Rule 16.1, and ADR Local Rule 6-12 does not apply to the Southern District of California. Moreover, unlike ADR 6-12, neither the Civil Local Rules nor Judge Burkhardt's order setting the Early Neutral Evaluation Conference contain an exception to the privileged and confidential nature of discussions at the Early Neutral Evaluation Conference. As such, Williams has not shown that Judge Burkhardt's conclusion was clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Williams' objection.

Finally, Williams appears to object to the imposition of sanctions, claiming her motion to compel was substantially justified. *See* Doc. No. 58 at 14. However, the October 15, 2018 order states that "the Court *tentatively* finds, subject to an opportunity to be heard, that it is appropriate to order Plaintiff to pay Defendant the reasonable expenses, including attorney's fees, which it incurred in opposing Williams' motion to compel." Doc. No. 49 at 12 (emphasis added). On October 30, 2018, Defense counsel

submitted a declaration in support of the expenses, including attorney's fees, incurred in opposing the motion to compel.  *See* Doc. No. 60.  On November 30, 2018, Williams filed a response in opposition to defense counsel's declaration.  *See* Doc. No. 68.  Judge Burkhardt has not yet issued an order making a final determination on the issue.  As such, the Court **OVERRULES AS PREMATURE** Williams' objection to the tentative finding that she be required to pay Defendant the reasonable expenses incurred in opposing her motion to compel.  *See* Fed. R. Civ. P. 72(a) (noting a party may object to a magistrate judge's "written order stating the decision.").

## CONCLUSION

Based on the foregoing, the Court finds Judge Burkhardt's October 15, 2018 order was neither clearly erroneous nor contrary to law.  Accordingly, the Court **OVERRULES** Williams' objections.

**IT IS SO ORDERED.**

Dated:  December 21, 2018

HON. MICHAEL M. ANELLO
United States District Judge