1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| KATY WILLIAMS, et al., | Case No.:  17cv815-MMA (JLB) |
| Plaintiffs, | **ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S MAY 31, 2019 ORDER** |
| v. | |
| COUNTY OF SAN DIEGO, et al., | [Doc. No. 101] |
| Defendants. | |

20        Plaintiffs Katy Williams, Gary Evans, and minor plaintiffs A.C., Am.E., and Aa.E.,

21 by and through their Guardian ad Litem, John Garter (collectively, "Plaintiffs"),  filed

22 this action against Defendant County of San Diego[1] ("Defendant" or "County") alleging

23 claims for: (1) *Monell* liability based upon violations of Plaintiffs' Fourth and Fourteenth

24 Amendment rights pursuant to 42 U.S.C. § 1983; and (2) injunctive relief.  *See* FAC.  On

25 May 31, 2019, Magistrate Judge Jill L. Burkhardt issued an order granting in part and

26

27

28        [1]  The County was also erroneously sued as "County of San Diego Health and Human Services Agency."

denying in part Defendant's motion to compel.  *See* Doc. No. 98.

On June 14, 2019, Plaintiffs filed objections to the magistrate judge's order pursuant to Federal Rule of Civil Procedure 72(a).  *See* Doc. No. 101.  Defendant filed an opposition to Plaintiffs' objections, to which Plaintiffs replied.  *See* Doc. Nos. 106, 108.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 109.  For the reasons set forth below, the Court **OVERRULES** Plaintiffs' objections to the magistrate judge's May 31, 2019 order.

**FACTUAL BACKGROUND**

Katy Williams ("Williams") is the natural mother of A.C., Am.E., and Aa.E (collectively, "Minor Plaintiffs").  FAC ¶ 8.  Williams has another minor child, D.C., who is not a plaintiff in this action.  *Id.*  Plaintiff Gary Evans ("Evans") is the natural father of Am.E. and Aa.E.  *Id.* ¶ 9.  Williams and Evans share custody of Am.E. and Aa.E., and Williams has sole custody of A.C.  *Id.* ¶¶ 10-11.  On April 24, 2017, the Court appointed Mr. John Garter as Guardian ad Litem for Minor Plaintiffs.  *See* Doc. No. 4.

In 2013, Defendant first became acquainted with Williams and her children after an incident involving D.C.'s father, Jason Clark ("Clark").  *Id.* ¶ 12.  Clark became violent with Williams and threatened to kill her.  *Id.*  As a result, Williams obtained a restraining order against Clark.  *Id.*

In June 2014, County of San Diego Health and Human Services Agency ("HHSA") filed a petition on D.C.'s behalf alleging D.C. sustained bruises to his head, "which would not ordinarily be sustained except as a result of the unreasonable acts of D.C.'s father[.]"  *Id.* ¶ 13.  Juvenile dependency proceedings commenced shortly thereafter.  *See id.*  D.C. lived with Williams during this time, and Clark was no longer able to have unsupervised visits with his son.  *See id.*  Clark then began making "false allegations against Williams and [Evans.]"  *Id.* ¶¶ 14-15.

In January 2016, Clark reported a bruise near D.C.'s eye to HHSA.  *See id.* ¶ 18.  D.C. "hit his left eye on a corner of a kitchen island while playing with Minor Plaintiff

Aa.E." *Id.* ¶ 18. Social worker Daniel Bernal ("Bernal") inspected the bruise on January 8, 2016. *See id.* ¶ 18. During Bernal's investigation, Bernal informed Williams that he wished to interview minor plaintiff Aa.E. alone, but Williams did not consent to such an interview. *See id.* ¶ 19. On January 11, 2016, Evans and Williams' attorney sent a letter to the County, HHSA, and Bernal, indicating that "Minor Plaintiffs were represented by counsel and that no interviews of Minor Plaintiffs A.C., Am.E. or Aa.E. should take place without counsel present." *Id.* ¶ 20.

On January 12, 2016, D.C. sustained additional injuries to his head when "he ran into a doorknob at his home[.]" *Id.* ¶ 21. Williams took D.C. to the hospital, and the doctor discharged D.C. indicating that D.C. "sustained a 'normal childhood injury.'" *Id.* Clark, once again, reported the incident to the HHSA hotline. *See id.*

On January 19, 2016, Bernal traveled to A.C.'s middle school, instructed staff to remove her from her classroom, and "detained her against her will" without court order, parental consent, knowledge, or presence. *Id.* ¶ 22. That same day, Bernal also visited Am.E. and Aa.E.'s elementary school, instructed staff to remove them from their classrooms, and "detained them against their will" without court order, parental consent, knowledge, or presence. *Id.* ¶ 23. Once the children were removed from their classrooms, Bernal, social worker Janet Barragan ("Barragan"), and social worker Miriam Partida ("Partida") "interrogated" the children, despite the fact that Bernal, the County, and HHSA "were informed in writing" that Evans and Williams "did not want their minor children to be interviewed by social workers with the County and HHSA without a parent and/or attorney being present at that interview." *Id.* ¶ 24. Notably, there were not, nor have there ever been, any allegations that Minor Plaintiffs were abused or neglected by their parents, or any other individuals. *See id.*

During the interviews, the social workers inquired about Minor Plaintiffs' safety at home, how their parents disciplined them, and whether D.C. "was an active child." *Id.* ¶ 25. The social workers did not inform the Minor Plaintiffs that they could decline to be interviewed, nor were they given a choice about being interviewed "once they were

17cv815-MMA (JLB)

detained and confronted by the County workers." *Id.* ¶ 26.  Further, the Minor Plaintiffs "were not informed that they could have a parent and/or an attorney present for the interviews." *Id.*  At the time of the interviews, the social workers "did not have exigency, Court Order, parental consent, knowledge or presence, or even reasonable suspicion that the Minor Plaintiffs were the subject of abuse or neglect." *Id.* ¶ 27.

Clark "continues to make false allegations" and on December 29, 2017, social worker Lisette Alvarez ("Alvarez") contacted Williams to inquire about conducting an in-person interview regarding disciplinary issues involving Williams' children.  *See id.* ¶ 28.  On January 11, 2018, Alvarez "reiterated her intent" to interview Williams and her children.  *See id.* ¶ 29.  Williams indicated that she agreed to a meeting with herself, D.C., and her counsel, but that she would not agree to interviews of her other children.  *See id.*  Alvarez, however, "*refused to agree not to go to the schools*" of the Minor Plaintiffs pursuant to Defendant's "policies that allowed her to conduct such interviews[.]"  *Id.* (emphasis in original).  Based on these allegations, Plaintiffs commenced the instant action.

## PROCEDURAL BACKGROUND

In January 2019, Defendant served requests for admissions, special interrogatories, and requests for production of documents on Plaintiffs.  The disputed interrogatories seek information from Williams and A.C. relating to mental health treatment for any emotional or mental health condition from January 19, 2011 through January 19, 2016.  *See* Doc. No. 101-1 (hereinafter "Cox Decl.") ¶ 2.  The disputed requests for production demand Williams and A.C. produce all medical and mental health records that show treatment they received from medical and/or mental health providers identified in their responses to the disputed interrogatories.  *See id.* ¶ 3.  Williams and A.C. also responded to a third interrogatory and request for production in dispute, which requested that they identify and produce documents relating to any medication prescribed or taken as a result of the injuries they attribute to the incident.  *See id.* ¶ 4.

In their February 20, 2019 responses to Defendant's discovery requests, Plaintiffs

objected to the disputed interrogatories and requests for production claiming such requests seek "information that is not relevant to the subject matter of this action and is not proportional to the needs of the case." *Id.* ¶ 5. Plaintiffs further objected claiming that the requests seek "to invade [their] right to privacy and seek[] to invade the physician-patient privilege and psychotherapist-patient privilege." *Id.*

Counsel for the parties met and conferred on multiple occasions but were unable to resolve all their disputes. *See id.* ¶ 6. On March 13, 2019, the parties requested the magistrate judge's assistance. *See* Doc. No. 94. Judge Burkhardt ordered the moving party to file and serve a motion within three days of the Undersigned's order resolving Plaintiffs' objections on a related dispute. *See id.* Defendant filed its motion to compel on April 9, 2019. *See* Doc. No. 96. Plaintiff filed a response on April 12, 2019. *See* Doc. No. 97. On May 31, 2019, Judge Burkhardt issued an order granting in part and denying in part Defendant's motion to compel. *See* Doc. No. 98. Plaintiffs filed the instant objections on June 14, 2019. *See* Doc. No. 101.

<u>**LEGAL STANDARD**</u>

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless "it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 3335736, at *1 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)). "Under Rule 72(a), [a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012) (internal quotation marks and citation omitted). "An order is contrary to law when it fails to apply or

misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

"When reviewing discovery disputes, however, the Magistrate is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citations and quotation omitted).

**DISCUSSION**

Plaintiffs object to the magistrate judge's order on four grounds. *See* Doc. No. 101 at 5. Specifically, Plaintiffs contend that the magistrate judge erred in: (1) finding that Plaintiffs put their mental health at issue; (2) her decision regarding application and waiver of the psychotherapist-patient privilege; (3) finding Plaintiffs have no right to privacy over their mental health; and (4) the analysis of the relevance and proportionality of the sought records. *See id.* at 5-14. The Court addresses Plaintiffs' objections in turn.

**1.     Mental Health**

First, Plaintiffs argue that the magistrate judge's factual determination that Plaintiffs have placed their mental and emotional state at issue is clearly erroneous because she based that determination on Plaintiffs' original discovery responses and ignored the amended responses. *See* Doc. No. 108 at 4. Moreover, the magistrate judge's legal conclusions are contrary to law because they ignore the requirement that the claimed emotional distress be severe. *See id.*

On April 12, 2019—four days after Defendant filed its motion to compel—Plaintiffs served amended responses to Special Interrogatories, Set One, in which they amended their response to the interrogatory asking them to identify all damages and injuries they contend they suffered as a result of the incidents alleged in the FAC. *See* Cox Decl. ¶ 8. In their amended responses, Plaintiffs indicate that they are "seeking only garden variety emotional distress in this action; i.e., the fear, anxiety, emotional distress, anger, and frustration that would be the natural consequence of Defendant's actions."

Cox Decl., Ex. 1.[2]

In her order, the magistrate judge summarized Plaintiffs' arguments in opposition to Defendant's motion to compel. *See* Doc. No. 98 at 15-16. The magistrate judge noted that "Plaintiffs are only seeking a 'garden variety' emotional distress claim, have not designated a mental health practitioner as a witness, and are not relying upon diagnoses or statements by mental health practitioners to bolster their claims[.]" *Id.* at 15. The magistrate judge further noted that Defendant is entitled to show that other factors contributed to Plaintiffs' emotional distress in defending against Plaintiffs' damages claims. *Id.* at 15-16. Judge Burkhardt ultimately concluded that Plaintiffs' depositions "will likely shed more light on their damages claims, but Defendant would unfairly be disadvantaged if it had to conduct those depositions before obtaining the requested written discovery." *Id.* at 16.

Here, the Court finds that while the magistrate judge incorrectly quoted Plaintiffs' original discovery responses in the order, Judge Burkhardt's factual determination that Plaintiffs have placed their mental and emotional state at issue is not clearly erroneous. In their amended responses, Plaintiffs clarify that they "seek only garden variety emotional distress in this case." Cox Decl., Ex. 1. Judge Burkhardt repeatedly noted that Plaintiffs only seek a garden variety emotional distress claim. *See* Doc. No. 98 at 15-16. Judge Burkhardt indicated that "at this stage of discovery neither Defendant nor the Court can know what Plaintiffs might mean by 'garden variety' emotional distress damages and case law fails to provide any clear and standard definition." *Id.* at 16. "Moreover, referring to damages as 'garden variety' may seem to suggest that the compensation sought or awarded will be modest, but in reality, applying that label imposes no such limitation." *Id.* at 16 n.9.

---

[2] In Plaintiffs' original discovery responses, Plaintiffs described their damages as "past, present, and future fear, anxiety, emotional distress, anger, frustration and related pain and suffering from the day of the subject incident to the present." Doc. No. 78-1 at 29, 34, 39, 44, 50.

As Defendant points out, Plaintiffs' amended responses include many of the same conditions that they described in their previous response, such as "fear, anxiety, emotional distress, anger, and frustration." Cox Decl., Ex. 1. Judge Burkhardt observed that including "emotional distress" as a category of damages "amounts to a circular definition which ultimately leaves the type and extent of those damages unbounded." Doc. No. 98 at 16. Taking into consideration the parties' arguments, the Court is not left with the firm conviction that a mistake has been committed. *See Viega, Inc.*, 283 F.R.D. at 575.

With respect to the magistrate judge's legal conclusion that Plaintiffs have placed their mental health at issue in this case, Plaintiffs contend that the magistrate judge primarily relied on *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999) and ignored a line of cases that discuss different factors that courts should consider when determining whether a party has placed his or her mental health at issue. *See* Doc. No. 101 at 6. Plaintiffs primarily rely on *E.E.O.C. v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006) and *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995). *See id.* at 6-7. Plaintiffs assert that the magistrate judge should have applied the *Turner* factors, and that in applying such factors, the magistrate judge should have concluded that Plaintiffs have not placed their mental status at issue. *See* Doc. No. 101 at 6-9. Plaintiffs fail to cite any binding authority rejecting application of *Doe*. Additionally, the majority of cases Plaintiffs cite to in support of their argument involve a request for medical examination under Federal Rule of Civil Procedure 35, which is not at issue in this case.[3]

Accordingly, the Court finds that Judge Burkhardt's conclusion that Plaintiffs have

---

[3] Plaintiffs repeatedly cite to *Robertson v. City of San Diego*, No. 13cv1460 W (JLB), 2014 WL 6810726 (S.D. Cal. Dec. 2, 2014) in support of their argument. Plaintiffs did not cite *Robertson* in opposing Defendant's motion to compel and "objections to a Magistrate Judge's order [is] not the place for a party to make a new argument[.]" *Altman v. Ho Sports Co., Inc.*, No. 9cv1000 AWI JLT, 2010 WL 4977761, at *3 (E.D. Cal. Dec. 2, 2010) (internal quotation marks omitted). In any event, *Robertson* is distinguishable from the case at bar because it involved a request for a medical examination pursuant to Rule 35.

placed their mental health at issue in this case is neither clearly erroneous nor contrary to law. Thus, the Court **OVERRULES** Plaintiffs' objections on these grounds.

## 2. Psychotherapist-Patient Privilege

Second, Plaintiffs contend that they did not waive the psychotherapist-patient privilege.[4] *See* Doc. No. 101 at 10. Plaintiffs reiterate their arguments from the previous section and contend the magistrate judge "erred by adopting a view of waiver even broader than that envisioned by the cases upon which she relies." *Id.*

In her order, Judge Burkhardt stated, "[t]his Court has already determined that Plaintiffs have waived their psychotherapist-patient privilege, to the extent relevant, by putting their emotional health at issue in this case" and seeking "emotional distress damages." Doc. No. 98 at 11. The magistrate judge explained, "[a]s envisioned by the Supreme Court in *Jaffee* [*v. Redmond*, 518 U.S. 1 (1996)] and the district court in *Doe*, a party's psychotherapist communications are privileged and only subject to disclosure in litigation to the extent a party has put his or her emotional health at issue." *Id.* Plaintiffs attempt to distinguish *Doe* by arguing that the plaintiff in that case elected to recover damages for severe emotional distress, whereas the Plaintiffs in this case seek damages only for "garden variety" emotional distress. Doc. No. 101 at 11. Upon review of the parties' arguments and relevant law, the Court cannot say that Judge Burkhardt misapplied the relevant standard from *Doe*. Importantly, Plaintiffs cite to no binding authority rejecting *Doe* or the broad waiver approach that Judge Burkhardt applied. That the plaintiff in *Doe* sought damages for severe emotional distress does not render the magistrate judge's reliance on the case improper.

As such, the Court finds that Plaintiffs fail to demonstrate that Judge Burkhardt's

---

[4] Plaintiffs also claim that "to the extent the Magistrate's Order purports to hold there is no psychotherapist-patient privilege under federal common law, the Order is in error." Doc. No. 101 at 9. Judge Burkhardt, however, did not hold there is no psychotherapist-patient privilege under federal common law, but rather held that there is no *physician-patient privilege* under federal common law. *See* Doc. No. 98 at 10. As such, Plaintiffs' argument is misguided.

adoption of the broad waiver approach, and related conclusion that Plaintiffs waived the psychotherapist-patient privilege, is contrary to law or clearly erroneous. Accordingly, the Court **OVERRULES** Plaintiffs objection on this ground.

**3.    Right to Privacy**

Third, Plaintiffs argue that the magistrate judge erred in balancing the factors to determine whether Plaintiffs' right to privacy outweighs Defendant's need for the information sought. *See* Doc. No. 101 at 12.

Judge Burkhardt explained that some of the discovery responsive to the requests for production at issue would seemingly be covered by the psychotherapist-patient privilege, had it not been waived. *See* Doc. No. 98 at 12. Judge Burkhardt concluded that Plaintiffs do not have a separate right of privacy over the mental health records that are covered by the psychotherapist-patient privilege. *See id.* Plaintiffs do not challenge this finding.

With respect to information not covered by the psychotherapist-patient privilege, Judge Burkhardt applied the five-factor balancing test set forth in *Seaton v. Mayberg*, 610 F.3d 530 (9th Cir. 2010) to determine whether Defendant's interest in obtaining the information outweighs Plaintiffs' privacy interests.[5] *See id.* This information falls into two categories: (1) interrogatories seeking the identity of Plaintiffs' mental health providers, the nature of treatment, conditions, diagnoses, medications, etc.; and (2) requests for production of documents that reflect treatment for purely physical health matters. *See id.* at 13-14. Judge Burkhardt sustained Plaintiffs' objections as to the production of documents reflecting treatment for purely physical health matters, but overruled Plaintiffs' objections as to the discovery requested in response to the

---

[5] The five factors are: "'(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy,'" or other public interest favoring access. *Seaton*, 610 F.3d at 539 (quoting *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004)).

interrogatories at issue. *See id.* It appears that Plaintiffs challenge Judge Burkhardt's latter determination that Defendant's interest in obtaining the identity of Plaintiffs' mental health providers, the nature of treatment, conditions, diagnoses, and medications prescribed outweighs Plaintiffs' privacy interests. *See* Doc. No. 101 at 12.

Here, the Court finds that Plaintiffs have not shown Judge Burkhardt's determination that Plaintiffs must disclose the identity of Plaintiffs' mental health providers, the nature of treatment, conditions, diagnoses, and medications is clearly erroneous. In reaching her conclusion, Judge Burkhardt identified and balanced the *Seaton* factors, cited relevant case law, and indicated that "a second protective order is adequate to address Plaintiffs' privacy concerns over the requested information." Doc. No. 98 at 13-14. The Court agrees with Judge Burkhardt's determination that the first two factors do not overcome Defendant's need for access in this case, especially considering that Judge Burkhardt ordered the parties to file a motion for entry of a stipulated protective order to address Plaintiffs' privacy concerns within ten (10) days of the date of her order. *See id.* at 20. Plaintiffs only seek emotional distress damages in this case. As Judge Burkhardt explained, "[t]he depositions of Plaintiffs will likely shed more light on their damages claims, but Defendant would be unfairly disadvantaged if it had to conduct those depositions before obtaining the requested written discovery." *Id.* at 16.

Plaintiffs further claim that the cases relied upon by the magistrate judge do not support her ruling. Judge Burkhardt cited to two cases for the proposition that when a plaintiff places his or her medical conditions at issue, his or her expectation of privacy is diminished. *See Hukman Southwest Airlines Co.*, No. 18cv1204 GPC (RBB), 2019 WL 566451, at *4 (S.D. Cal. Feb. 12, 2019); *Larson v. Bailiff*, No. 13cv2790 BAS (JLB), 2015 WL 4425660, at *5 (S.D. Ca. July 17, 2015). The cited excerpts of both cases support Judge Burkhardt's ruling.

Accordingly, the Court finds that Judge Burkhardt's conclusion that Defendant's need for access outweighs Plaintiffs' privacy interests in Plaintiffs' preexisting mental

17cv815-MMA (JLB)

health conditions is not clearly erroneous. As such, the Court **OVERRULES** Plaintiffs' objection on this basis.

### 4. Relevance and Proportionality of Sought Records

Finally, Plaintiffs assert that the magistrate judge erred in the analysis of the relevance and proportionality of the sought records because Plaintiffs "have not placed their emotional health at issue." *See* Doc. No. 101 at 15.

In her order, Judge Burkhardt divided the information sought into two categories: (1) special interrogatories; and (2) requests for production of documents. With respect to the special interrogatories, Judge Burkhardt found that the disputed interrogatories, which request the dates of mental health treatment, the name and address of treatment providers, the nature of treatment, conditions, diagnoses, and medications, as well as the identity of the individual who prescribed medications, are appropriate and proportional to the needs of the case, with the exception of the costs of any medication. *See* Doc. No. 98 at 18.

With respect to the requests for production of documents, Judge Burkhardt found that the requests are overbroad to the extent they request medical records that reflect treatment for physical health matters. Judge Burkhardt explained the remaining responsive documents can be divided into two categories: (a) documents that reflect mental or emotional health treatment received from healthcare providers for injuries that Plaintiffs attribute to the subject incident; and (b) documents that reflect mental or emotional health treatment from healthcare providers for anything other than injuries that Plaintiffs attribute to the subject incident. *See id.* Judge Burkhardt granted Defendant's motion to compel with respect to the first category of documents, which consist of "only highly relevant discovery" that Plaintiffs have put "squarely at issue." *Id.* Regarding the second category, Judge Burkhardt concluded that she was unable to properly conduct the proportionality evaluation without reviewing the documents and ordered Plaintiffs to provide the documents to the court for an *in camera* review. *See id.* at 19.

Here, the Court finds that Plaintiffs have not demonstrated that Judge Burkhardt's determination that Defendant's discovery requests are relevant and proportional to the

needs of the case is clearly erroneous. Plaintiffs object to Judge Burkhardt's findings with respect to the special interrogatories and requests for production of documents that reflect mental health treatment for anything other than injuries that Plaintiffs attribute to the incident on the ground that they have not placed their emotional health at issue in this case. However, for the reasons set forth above, the Court agrees that Plaintiffs have placed their mental health at issue in this case. As such, the Court finds Plaintiffs' arguments unavailing.

Moreover, with respect to Judge Burkhardt's ruling that Plaintiffs must disclose documents relating to treatment for injuries that they attribute to the incident, Plaintiffs contend that they "are not claiming <u>any</u> mental or emotional health *treatment* for injuries that Plaintiffs attribute to the subject incident." Doc. No. 101 at 14 (emphasis added). Thus, Plaintiffs assert that the magistrate judge's order on this subject "is outside of the instant discovery dispute[.]" Doc. No. 101 at 14. Judge Burkhard clearly stated that "documents that reflect mental or emotional health treatment received from healthcare providers for injuries that Plaintiffs attribute to the subject incident" are "highly relevant[.]" Doc. No. 98 at 18. That Plaintiffs do not seek mental or emotional health treatment for injuries does not render all documents that reflect treatment received for injuries that Plaintiffs attribute to the incident irrelevant or disproportionate to the needs of the case. The scope of documents that Judge Burkhardt ordered Plaintiffs to disclose encompasses more than the cost of Plaintiffs' treatment. Further, as Defendant notes, Plaintiffs seek damages for specific emotional injuries—fear, anxiety, and frustration, and Plaintiffs do not limit their damages based on that definition. Thus, the Court finds that Judge Burkhardt did not err in concluding that such documents are relevant and proportional to the needs of the case.

In sum, the Court finds that Judge Burkhardt correctly determined that Defendant's discovery requests are relevant and proportional to the needs of the case. Accordingly, the Court **OVERRULES** Plaintiffs' objections on these grounds.

/ / /

## CONCLUSION

Based on the foregoing, the Court finds that Judge Burkhardt's May 31, 2019 order was neither clearly erroneous nor contrary to law. Accordingly, the Court **OVERRULES** Plaintiffs' objections to Judge Burkhardt's May 31, 2019 order.

**IT IS SO ORDERED.**

Dated: August 2, 2019

HON. MICHAEL M. ANELLO
United States District Judge