UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY WILLIAMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>    Defendants. | Case No.: 17-cv-00815-MMA (JLB)<br><br>**ORDER RE: IN CAMERA REVIEW OF PLAINTIFFS' MENTAL OR EMOTIONAL HEALTH RECORDS**<br><br>**[ECF Nos. 98, 152]** |

I.  **BACKGROUND**

A.  **Plaintiffs' Claims for Damages**

On August 3, 2018, defendant County of San Diego ("Defendant") served Special Interrogatories, Set One, on plaintiffs Katy Williams ("Williams"), Gary Evans ("Evans"), and minor plaintiffs A.C., Am.E., and Aa.E. (collectively, "Plaintiffs"). (ECF No. 78-1 at 5–26.) Special Interrogatory No. 7/4[1] asked Plaintiffs to "[i]dentify all damages (including

---

[1] In references to the numbers of the discovery requests throughout this Order, the first number is the number of the request propounded to Williams and Evans and the second is the number of the request propounded to A.C., Aa.E., and Am.E.

1

financial and monetary damages) and injuries (including physical and/or emotional injuries) you contend you suffered as a result of the incidents alleged in the Complaint." (*Id.*)[2]

On September 5, 2018, Plaintiffs uniformly responded to Special Interrogatory No. 7/4 stating that they are seeking damages for "[p]ast, present, and future fear, anxiety, emotional distress, anger, frustration and related pain and suffering from the day of the subject incident to the present." (ECF No. 78-1 at 28–54.)

On April 12, 2019, Plaintiffs served amended responses to Special Interrogatory No. 7/4 qualifying their previous responses with the inclusion of the phrase "garden variety," stating that they are "seeking only garden variety emotional distress in this action; i.e., the fear, anxiety, emotional distress, anger, and frustration that would be the natural consequence of Defendant's actions." (ECF No. 105-2.)

On May 18, 2020, Williams and the minor plaintiffs, A.C., Am.E., and Aa.E., served additional amended responses to Defendant's Special Interrogatories, Set One.[3] Williams responded: "Plaintiff is seeking damages for the fear, anxiety, emotional distress, anger,

---

[2] Special Interrogatory No. 10/6 also asked Plaintiffs to "[i]dentify all medical and/or mental health providers who have provided treatment to you in the past 10 years, including their name, address, and hospital affiliation (if any)." (ECF No. 78-1 at 5–26.) Plaintiffs objected to this interrogatory on the grounds of privacy, relevancy, and proportionality and did not answer. (*Id.* at 28–54.) On October 10, 2018, Evans and Williams served supplemental responses to Interrogatory No. 10, objecting on the grounds that the interrogatory improperly seeks an expert opinion, is overbroad as to time and scope, and invades the right to privacy. (*Id.* at 60–67.) Evans and Williams further stated that they are "not claiming pain and suffering or damages for emotional distress other than that which would be the natural consequence of Defendant's actions (i.e., 'garden variety emotional distress.')." (*Id.*)

[3] Plaintiffs lodged copies of their amended responses with the Court pursuant to the Court's May 4, 2020 Order and following a May 4, 2020 discovery hearing in which the Court offered Plaintiffs the opportunity to limit the temporal scope of their damages in light of their expressed desire to limit the medical records to be disclosed to Defendant in discovery. (*See* ECF Nos. 161–64.)

and frustration that would be the natural consequence of Defendant's actions from the date of the incident to the present.  Due to prior interference in the lives of Plaintiff and her family by the County of San Diego's Health and Human Services Agency and its social workers, however, Plaintiff was unusually susceptible to such fear, anxiety, and other symptoms of emotional distress as a result of the interviews that are the subject of this action." Each of the minor plaintiffs responded: "Plaintiff is seeking damages for the fear, anxiety, emotional distress, anger, and frustration that would be the natural consequence of Defendants' actions for the time period from January 19, 2016 to July 19, 2016."[4]  Evans did not serve an amended response.

### B.  Discovery of Plaintiffs' Mental or Emotional Health Treatment Records

On April 9, 2019, Defendant moved to compel further responses to Defendant's Demand for Production of Documents, Set Two.  (ECF No. 96.)  On May 31, 2019, the Court granted in part and denied in part the motion.  (ECF No. 98.)  The Court took under submission Defendant's motion with respect to requests calling for the production of documents "that reflect mental or emotional health treatment received from healthcare providers" by Plaintiffs "for *anything other than injuries that Plaintiffs attribute to the subject incident*."  (*Id.* at 20 (emphasis added).)  Specifically, the Court ordered Plaintiffs to produce responsive documents to the Court for *in camera* review so that the Court could properly conduct a proportionality evaluation pursuant to Federal Rule of Civil Procedure 26(b)(1). (*Id.* at 19–20.)  On November 19, 2019, the Court further ordered Plaintiffs to produce for *in camera* review documents responsive to Defendant's Demand for Production of Documents, Set Three, which were believed to also "include records

---

[4] The Court notes that Williams, A.C., Am.E., and Aa.E. have now removed all reference to the phrase "garden variety" in their amended responses.  As such, the Court finds that Plaintiffs have waived their arguments that the disclosure of their mental or emotional health treatment records should be denied or limited based on their professed limitation of damages to "garden variety" emotional distress damages.

regarding Plaintiffs' mental health conditions and treatment not attributable to the subject incident." (ECF No. 150 at 4; *see also* ECF No. 152.)

Plaintiffs or their providers produced documents to the Court for *in camera* review on a rolling basis. The Court received the final documents in late January 2020, with confirmation from Plaintiffs that no additional documents were forthcoming in February 2020. Altogether, the Court received the following documents for review, which were bates-stamped PLMED 001–PLMED 1717:[5]

| Bates-Stamp Range | Provider(s) (Patient(s)) | Date Range of Records |
|---|---|---|
| PLMED 001–003 | Sandra A. Johnson (Williams)[6] | 3/16/11 |
| PLMED 004–018 | Heather M. Anson (Williams) | 3/10/15 |
| PLMED 019–042 | Salee J. Oboza (Williams) | 5/4/15–7/2/15 |
| PLMED 043–113 | Valerie V. Littlefield (Williams) | 10/8/15–1/13/16 |

---

[5] The Court also received a declaration from Kaye Pesavento, LCSW, stating that after a thorough search of her patient records, she was unable to find any records for A.C.

[6] The Court received a signed HIPAA authorization form for Williams with respect to Emily Kierce (1/19/16–Present). Williams also informed the Court that she obtained her records from the following providers directly: Salee J. Oboza, Valerie V. Littlefield, Dustin Taylor, and David Slier. For all other providers, the Court assumes these records were also obtained by Williams directly before producing them to the Court.

| Bates-Stamp Range | Provider(s) (Patient(s)) | Date Range of Records |
|---|---|---|
| PLMED 114–129 | Emily N. Kierce/ Timothy H. Rayner[7] (A.C.)[8] | 12/10/18–10/27/19[9] |
| PLMED 130–186 | Emily N. Kierce/ Timothy H. Rayner (A.C.) | AC: 8/7/18–10/29/19[10] |
| PLMED 187–343 | David Slier (Williams) | 8/2/17–2/5/19 |
| PLMED 344–368 | Valerie V. Littlefield (Williams) | 3/18/16–3/22/17 |
| PLMED 369–371 | Michelle Langmead (Williams) | 11/18/16 |
| PLMED 372–466 | Valerie V. Littlefield (Williams) | 3/22/17–1/8/18 |

---

[7] The Court received HIPAA authorization forms with respect to Emily N. Kierce for (1) Aa.E. (1/19/11–1/19/16 and 1/19/16–Present) (signed by Williams), and (2) Am.E. (1/19/16–Present) (signed by Williams).

[8] The Court received HIPAA authorization forms for A.C. with respect to the following providers: Emily N. Kierce (1/19/11–1/19/16 and 1/19/16–Present) (signed by Williams); Emily N. Kierce (1/19/11–1/19/16) (signed by A.C.); Kaye Pesavento, LCSW (1/19/11–1/19/16 and 1/19/16–Present) (signed by Williams); Kaye Pesavento, LCSW (1/19/11–1/19/16) (signed by A.C.); Melissa Nefalar (1/19/11–1/19/16 and 1/19/16–Present) (signed by Williams); Melissa Nefalar (1/19/11–1/19/16) (signed by A.C.); Usha Raminemi, MD (1/19/11–1/19/16 and 1/19/16–Present) (signed by Williams); Tiffany Holm, NP (1/19/16–Present) (signed by Williams); and Willow Springs Center (1/19/16–Present) (signed by Guardian Ad Litem John Garter for A.C.). For all other providers, the Court assumes these records were obtained by A.C. or another legally authorized individual directly before producing them to the Court.

[9] This date range includes family and parent sessions.

[10] This date range includes family and parent sessions.

| Bates-Stamp Range | Provider(s) (Patient(s)) | Date Range of Records |
|---|---|---|
| PLMED 467–597 | Dustin Taylor (Williams) | 5/3/18–6/6/19 |
| PLMED 598–603 | Johnathan Deinard (Williams) | 8/14/19–10/22/19 |
| PLMED 604–1633 | Sharp Mesa Vista Hospital (A.C.) | 8/2/18–1/24/19 |
| PLMED 1634–1642 | Tiffany Holm (A.C.) | 12/3/18–11/14/19 |
| PLMED 1643–1652 | Usha Raminemi (A.C.) | 5/31/18–8/1/18 |
| PLMED 1653–1672 | Melissa Nefalar (A.C.) | 12/3/16–2/28/18 |
| PLMED 1673–1717 | Willow Springs Center (A.C.) | 1/24/19–5/29/19 |

## II. LEGAL STANDARD

Nonprivileged information is discoverable under Federal Rule of Civil Procedure 26 if it is (1) relevant, and (2) proportional to the needs of the case. Rule 26(b)(1), as amended in 2015, provides that parties—

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

///

Evidence must be "relevant to any party's claim or defense" to fall within the scope of permissible discovery. *Id.* The 2015 amendment to Rule 26(b) deleted the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery and had the potential to "swallow any other limitation." Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment. *See also San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 15CV1401-BEN-MDD, 2017 WL 3877732, at *1 (S.D. Cal. Sept. 5, 2017). The amendment replaced this phrase with the statement that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment.

Information must also be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). When analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

## III.  DISCUSSION

### A.  Pre-Incident Treatment Records

On April 9, 2019, Defendant moved to compel responses to Requests for Production Nos. 6/5, 7/6, and 8/7, which request that Plaintiffs produce "all medical and mental health records that show the treatment received from the medical and/or mental health providers who were identified in response to Interrogatories Nos. 12/16, 13/17, and 14/18 as having provided treatment for mental or emotional health conditions from January 19, 2011 through January 19, 2016; or prescribed medication as a result of mental or emotional health conditions from January 19, 2011 through January 19, 2016; or prescribed medication as a result of injuries attributable to the subject incident." (ECF No. 98 at 14.) The Court granted Defendant's motion to compel with respect to "documents that reflect

mental or emotional health treatment received from healthcare providers for injuries that Plaintiffs attribute to the subject incident."[11] (*Id.* at 18.) The Court then ordered Plaintiffs to provide to the Court for *in camera* review responsive documents "that reflect mental or emotional health treatment received from healthcare providers *for anything other than injuries that Plaintiffs attribute to the subject incident*." (*Id.* at 19 (emphasis added).)

In its Order, the Court stated:

> In defending against Plaintiffs' damages claims, Defendant is entitled to show that "other factors" contributed to Plaintiffs' emotional distress. *See, e.g.*, *Doe* [*v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999)]. Accordingly, discovery into Plaintiffs' emotional distress damages resulting from the incident, as well as Plaintiffs' emotional state prior to the incident, is important to resolving the issues in this action. *See Hukman* [*v. Sw. Airlines Co.*, No. 18-cv-1204-GPC (RBB), 2019 WL 566451, at *4 (S.D. Cal. Feb. 12, 2019)] (finding the plaintiff's preexisting emotional condition to be highly relevant to causation where she placed her emotional health at issue).

(*Id.* at 16.) With these considerations in mind, the Court has reviewed for proportionality all treatment records provided by Williams[12] for *in camera* review.

As noted above, the Court ordered Plaintiffs to provide for *in camera* review pre-incident responsive documents going back five years, to January 19, 2011. However, as reflected in the chart above, the responsive pre-incident treatment records produced by Williams primarily fall in an approximately ten-month window: from March 2015 to the

---

[11] Plaintiffs assert they are "not claiming any mental or emotional health treatment for injuries Plaintiffs attribute to the subject incident." (*See* ECF Nos. 101-1 at ¶ 10; 105-1 at ¶ 4.)

[12] The Court notes that A.C. admitted that she received mental health treatment in the five years preceding January 19, 2016. (*See* ECF No. 106 at 5.) However, as noted above, Ms. Pesavento was unable to locate any records for A.C. during this time period. In addition, Am.E. and Aa.E. served amended responses to Defendant's discovery indicating that they had also received mental health treatment in the five years preceding January 19, 2016. (*See* ECF No. 150 at 2, n.1.) However, the Court is not in receipt of any treatment records for Am.E. and Aa.E. from this time period.

date of the incident. The exception is a treatment record from March 16, 2011, which is bates-stamped PLMED 001–003 (Sandra Johnson). Upon review, the Court finds the March 6, 2011 documents (PLMED 001-003) to not be proportional and not subject to production. The Court finds all other pre-incident treatment records for Williams, covering the period from March 2015 to the date of the incident at issue in the Complaint, January 19, 2016, to be proportional. Therefore, Williams shall produce, subject to the Protective Order (ECF No. 146) entered in this case, documents bates-stamped PLMED 004–113. With respect to these records, Williams may redact, at her discretion, (1) all references to the medical, mental, and/or emotional health of non-parties to this case, and (2) all references to purely medical (non-psychiatric/psychological) conditions and treatment contained in these records.

### B. Post-Incident Treatment Records

On April 22, 2019, Defendant propounded a third set of requests for production of documents on Williams and A.C. (ECF No. 150 at 2.) Defendant made the following request for production of documents to both plaintiffs: "All mental health records that show you *continued receiving treatment* after the subject incident (between January 19, 2016 and present) for any emotional or mental health condition that you were diagnosed with and/or received treatment for before the subject incident (between January 19, 2011, and January 19, 2016)." (*Id.* (emphasis added).) On November 7, 2019, Defendant propounded similar requests for production on Am.E. and Aa.E. after they amended their interrogatory responses to indicate they had also received treatment prior to the incident. (*Id.* at 2, n. 1.)

On June 24, 2019, Defendant moved to compel responses from Williams and A.C. (ECF Nos. 104; 150 at 3.) In its (now withdrawn) motion to compel, Defendant argued that records showing continuation of treatment "will reflect the scope and seriousness of Plaintiffs' preexisting mental health conditions and they may reveal other circumstances that caused or contributed to the injuries they claim to have suffered in this case." (ECF No. 104 (withdrawn) at 5.) On November 18, 2019, the parties jointly moved for an order regarding Defendant's third set of demands for production of documents served on

Williams, A.C., Am.E., and Aa.E. (ECF No. 150.) In the joint motion, Plaintiffs agreed to respond to the requests for production "as long as Plaintiffs could provide responsive documents directly to the Court, so that the Court may conduct the same *in camera* review discussed in its May 31, 2019 Order, and subject to the Protective Order now in place for those documents (ECF 146)." (*Id.* at 3–4.) The Court subsequently granted the parties' motion and ordered production of responsive documents for *in camera* review. (ECF No. 152.)

### 1. Williams

The Court has reviewed all treatment records it received for Williams dated between January 19, 2016 and the present, which purportedly reflect her mental or emotional health conditions and treatment not attributable to the subject incident. Upon review, the Court finds all mental or emotional health treatment records received for Williams from January 19, 2016 through the present to be proportional.[13] Williams seeks to recover the emotional distress damages she allegedly suffered from the date of the incident to the present day. The records reflect that Williams continued receiving treatment after the subject incident for emotional and/or mental health conditions she was diagnosed with and/or received treatment for before January 19, 2016. In addition, the records reflect that "other circumstances" may have "caused or contributed to the injuries" Williams claims she suffered—and continues to suffer—as a result of the incident in this case. For these reasons, the Court finds all the reviewed post-incident records to be relevant and important to resolving the issue of causation as it relates to Williams' claim for damages.

Accordingly, Williams shall produce, subject to the Protective Order (ECF No. 146) entered in this case, documents bates-stamped PLMED 187–603. With respect to these

---

[13] Although Williams participated in family and/or parent sessions with Dr. Kierce (PLMED 114–186), the patient was the minor plaintiff A.C., and, for the reasons discussed below, the Court will not order the production of these records.

records, Williams may redact, at her discretion, (1) all references to the medical, mental, and/or emotional health of non-parties to this case, and (2) all references to purely medical (non-psychiatric/psychological) conditions and treatment contained in these records.[14]

### 2. Minor Plaintiffs

The Court has also reviewed all treatment records it received for the minor plaintiffs dated between January 19, 2016 and the present. As reflected in the chart above, the Court has no records for the minor plaintiffs after the date of the incident until December 2016. In their recently amended responses to Defendant's interrogatories, the minor plaintiffs each state that they are only "seeking damages for the fear, anxiety, emotional distress, anger, and frustration that would be the natural consequence of Defendants' actions for the time period from January 19, 2016 to July 19, 2016." Based on the minor plaintiffs' amended responses, the Court finds that the mental and/or emotional health treatment records received for the minor plaintiffs, all of which fall outside the window of time in which the minor plaintiffs allege they suffered damages, are not proportional to the needs of this case and therefore need not be produced.

### C. Protective Orders

On November 19, 2019, the Court *sua sponte* entered the following Protective Order: "All documents and information received by the parties from Plaintiffs' mental health providers shall be designated and treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY until the Court has an opportunity to review the documents and information and orders otherwise." (ECF No. 153.) In light of the Court's order herein, the Protective Order shall remain in place as to the minor plaintiffs until further order of the Court. The Court's November 7, 2019 Protective Order (ECF No. 146), which governs "the confidential mental or emotional health information related to psychological and

---

[14] The Court's review indicates that PLMED 562–564 and 598–603 relate to purely medical conditions and treatment. At Williams' discretion, these documents may be redacted in their entirety.

psychiatric treatment received by the Plaintiffs and ordered disclosed by the Court in this matter, as well as any documents, pleadings, transcripts, or testimony that refer to such confidential information," applies to the records ordered disclosed by this Order.

### D. Without Prejudice

The Court's proportionality review is without prejudice to Defendant seeking access to additional documentation if references are made by Plaintiffs to such documentation (or the treatment sought therein) during their depositions.

## IV. CONCLUSION

For the foregoing reasons, **IT IS SO ORDERED**:

1. Williams shall produce to Defendant within **fourteen (14) days of the date of this Order**: PLMED 004–113, 187–603.

    a. With respect to all these records, Williams may redact, at her discretion, (1) all references to the medical, mental, and/or emotional health of non-parties to this case, and (2) all references to purely medical (non-psychiatric/psychological) conditions and treatment contained in these records.

2. This Order is without prejudice to Defendant seeking access to additional documentation if references are made by Plaintiffs to such documentation (or the treatment sought therein) during their depositions.

3. The Court's November 19, 2019 Order (ECF No. 153) shall remain in place as to the minor plaintiffs under further order of the Court.

Dated: June 3, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge