1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KATY WILLIAMS, et al.,

                              Plaintiffs,

v.

COUNTY OF SAN DIEGO, et al.,

                              Defendants.

Case No.:  17-cv-815-MMA (JLB)

**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT MOTIONS TO FILE DOCUMENTS UNDER SEAL**

[Doc. Nos. 178, 180, 190, & 203]

On October 26, 2020, the Court issued an order regarding four motions to file the following documents under seal: (1) Defendant's Exhibits 1–6, 8, and 9 in support of its motion for summary judgment (Doc. No. 178); (2) Plaintiffs' Exhibits 1–13 and 16–43 in support of their motion for partial summary judgment (Doc. No. 180); (3) Defendant's Exhibits A–J in support of its opposition to Plaintiffs' motion for partial summary judgment (Doc. No. 190); and (4) Defendant's Exhibits A–F in support of its opposition to Plaintiffs' motion for preliminary injunction (Doc. No. 193).[1] *See* Doc. No. 196. Specifically, the Court asked the parties to parse through each document and explain how it meets the standard for sealing. *See id.* Both parties filed supplemental briefs. *See*

---

[1] The Court previously denied one of Defendant's motions to seal—Doc. No. 193—as moot. *See* Doc. No. 211.

Doc. Nos. 201, 205.  Defendant then moved to seal Exhibit A to its supplemental brief. *See* Doc. No. 203.

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent— indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Generally, a party seeking to seal a judicial record can overcome the presumption in favor of access by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Kamakana*, 447 F.3d at 1178 (citations omitted) (internal quotation marks omitted).  "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret."  *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).  "Compelling reasons must continue to exist to keep judicial records sealed."  *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"  *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

In their supplemental briefs, the parties identified several exhibits which are more appropriately redacted than sealed.  For example, Plaintiffs withdrew their request to seal Exhibits 4–11 in support of their motion for partial summary judgment and instead filed

redacted versions.  *See* Doc. Nos. 201, 202.  Similarly, Defendant withdrew its request to seal Exhibits 3–6 and 8–9 in support of its summary judgment motion and Exhibits C–J in opposition to Plaintiffs' motion for partial summary judgment.  *See* Doc. No. 205. Defendant also filed redacted versions of these exhibits.  *See* Doc. Nos. 207, 210.  The Court therefore **DENIES** the requests to seal these exhibits as **MOOT**.

The Court has parsed the remaining exhibits.  Many consist of records released pursuant to a Juvenile Court Order and therefore must be sealed.  *See* Cal. Welf. & Instit. Code § 827; *see also Estate of Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 U.S. Dist. LEXIS 91084, at *13-16 (E.D. Cal. Nov. 30, 2007) (reasoning that while section 827 "could not purport to bind the federal courts . . . the privilege advanced by the state statute was a strong one, and . . . comity required that the state law be respected if at all possible given the needs of this case").  The remaining documents reference the Juvenile Court proceedings and records or otherwise discuss the investigation, which includes sensitive information.  The nature of the investigation presents a compelling reason to seal these documents that outweighs the presumption in favor of public access.  *See, e.g.*, *Warren v. Unknown*, No. 2:17-cv-02188 TLN AC PS, 2017 U.S. Dist. LEXIS 177933, at *7 (E.D. Cal. Oct. 25, 2017).

Accordingly, good cause appearing, the Court **GRANTS** Defendant's motions **IN PART** and **GRANTS** Plaintiffs' motion **IN PART**.  The following Exhibits are to be filed under seal:

1. Defendant's Exhibits 1–2 in support of its motion for summary judgment [to be relodged as ordered below];

2. Plaintiff's Exhibits 1–3, 12–13, and 16–42 in support of their motion for partial summary judgment [Doc. Nos. 183; 183-1; 183-2; 183-11 through 13; 183-13 through 39];

3. Defendant's Exhibits A–B in opposition to Plaintiffs' motion for partial summary judgment [to be relodged as ordered below]; and

4. Defendant's Exhibit A in support of its supplemental brief [Doc. No. 204].

1    The Court **ORDERS** Defendant to relodge Exhibits 1–2 in support of its motion

2  for summary judgment and Exhibits A–B in opposition to Plaintiffs' motion for partial

3  summary judgment within five (5) business days and **DIRECTS** the Clerk of Court to

4  then file the documents **UNDER SEAL**.[2]

5    **IT IS SO ORDERED.**

6  Dated:  December 18, 2020

7

8  HON. MICHAEL M. ANELLO
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [2] The Clerk of Court is unable to file only certain pages of a single docket entry under seal.  As such, for those instances where Defendant lodged multiple exhibits as a single docket entry, *see* Doc. Nos. 179 &

28  191, the exhibits to be filed under seal must be relodged.