UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KATY WILLIAMS, et al.,

Plaintiffs,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.:  17-cv-00815-MMA (JLB)

**ORDER RE: IN CAMERA REVIEW OF DOCUMENTS**

# I.     BACKGROUND

On May 4, 2021, counsel for Plaintiff Katy Williams ("Williams" or "Plaintiff") and Defendant County of San Diego (the "County") left a joint voicemail with Judge Burkhardt's chambers regarding a discovery dispute involving the alleged mental and/or emotional health records of Williams.[1]  (ECF No. 223.)  Following the voicemail,

---

[1]     Following the Honorable Michael M. Anello's order on the parties' cross-motions for summary judgment, the Fourteenth Amendment familial association claim of Williams and Gary Evans remains at issue in this case.  (*See* ECF Nos. 217; 226.)

the Court ordered Williams to produce to the Court for *in camera* review all mental and/or emotional health records at issue in the dispute.  (*Id.*)  On May 14, 2021, Williams lodged documents, bates-stamped CSD 1726–1935, with the Court for *in camera* review.  The documents produced at CSD 1726–1935 are represented to be the records of Emily N. Kierce, PsyD, NCSP and Timothy H. Rayner, M.D.

Williams explained in her cover letter accompanying the documents (attached as Exhibit A to this Order) that these documents were being provided based on the Court's May 31, 2019 Order (ECF No. 98) which addressed, in part, Request for Production No. 6 and Special Interrogatory No. 16 propounded on Williams by the County.  These discovery requests provide as follows:

> Special Interrogatory No. 16: If you received treatment from any licensed professional/healthcare provider (including but not limited to doctors, therapists, counselors, clinical social workers, psychologists, psychiatrists, and psychotherapists) for any emotional or mental health condition from January 19, 2011 through January 19, 2016, please list the dates of treatment, the names and address of the treatment provider, the nature of treatment, the condition you were treated for, and any diagnosis received.
>
> Request for Production No. 6: All medical and mental health records that show treatment you received from medical and/or mental health providers identified in your response to Special Interrogatory 16.  This request includes producing signed HIPAA-compliant releases (attached . . . ) authorizing defense counsel to obtain medical and mental health records showing such treatment.

Williams served her cover letter enclosing the documents on the County, which responded with its own letter to the Court (attached as Exhibit B to this Order), copied to all parties.  The County contends that Williams misidentified the discovery requests to which the produced documents were responsive and that the produced documents are in fact responsive to its Requests for Production Nos. 4 and 12 propounded on Williams.  These discovery requests provide as follows:

> Request for Production No. 4: Provide all documents that support your response to Interrogatory No. 10.  (Interrogatory No. 10: Identify all medical

17-cv-00815-MMA (JLB)

and/or mental health providers who have provided treatment to you in the past 10 years, including their name, address, and hospital affiliation (if any).)[2]

Request for Production No. 12: All mental health records that show you continued receiving treatment after the subject incident (between January 19, 2016 and present) for any emotional or mental health condition that you were diagnosed with and/or received treatment for before the subject incident (between January 19, 2011, and January 19, 2016).

On June 10, 2021, the parties left a joint voicemail with chambers. In the voicemail, Plaintiff requested that the Court also review and consider excerpts of a draft transcript of a deposition of Dr. Rayner taken in another case related to Williams' minor son, D.C., before completing the Court's *in camera* review of the documents and issuing a ruling. The County took the position that the deposition transcript was not relevant to the issues here and further indicated that if the Court were to review excerpts of Dr. Rayner's transcript, the Court should also review excerpts of Williams' deposition transcript in the same case. The Court has received and reviewed the proffered excerpts of both transcripts.

## II.   LEGAL STANDARD

Nonprivileged information is discoverable under Federal Rule of Civil Procedure 26 if it is (1) relevant, and (2) proportional to the needs of the case. Rule 26(b)(1), as amended in 2015, provides that parties—

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

---

[2]   During the meet and confer process, the parties agreed to narrow Interrogatory No. 10 to Williams' mental health providers in the past 5 years.

Evidence must be "relevant to any party's claim or defense" to fall within the scope of permissible discovery. *Id.* The 2015 amendment to Rule 26(b) deleted the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery and had the potential to "swallow any other limitation." Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment. *See also San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 15CV1401-BEN-MDD, 2017 WL 3877732, at *1 (S.D. Cal. Sept. 5, 2017). The amendment replaced this phrase with the statement that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment.

Information must also be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). When analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

## III.   DISCUSSION

The documents produced at CSD 1726–1935 include the assessment notes of Drs. Kierce and Rayner, dated from August 27, 2017, through October 29, 2019, emails between Dr. Kierce and Williams (and her spouse), medical records from Rady Children's Hospital, and educational plans. The patient/student name on all of these records is that of Williams' minor son, D.C., who is a non-party to this case.

In its letter to the Court, the County argues that the records should be produced because they "reflect 'other circumstances' that 'caused or contributed to the injuries' Ms. Williams claims she suffered—and continues to suffer—as a result of the incident in

this case."[3]  The County further contends that Dr. Kierce had sessions with the whole family, including Williams, and that Williams participated in private, parent-only sessions "where she discussed personal issues and made admissions about work and family stressors that go directly to her claim of emotional damages."  In addition, the County contends that Williams discussed with Dr. Kierce "the family's involvement with Child Welfare Services and her lawsuits against the County."

Upon review, the Court finds that, on the whole, the records produced to the Court are not proportional to the needs of this case and therefore need not be produced.  The records relate to the care and treatment of the minor, D.C.  Williams' involvement in the sessions was necessitated by and incidental to the proper treatment of D.C.  The records do not include notes reflecting substantive counseling of Williams outside the context of the needs and well-being of her son.[4]  The County already has treatment records of Williams' counseling sessions with her own mental health-treatment providers.  Moreover, the treatment records at issue here begin in August 2017, more than a year and a half after the subject incident, which occurred on January 19, 2016, and Williams is only seeking damages that would be the natural consequence of the County's actions.  Given the foregoing, even if the records, to a limited extent, reflect other circumstances that may have

---

[3]    Williams is "seeking damages for the fear, anxiety, emotional distress, anger, and frustration that would be the natural consequence of Defendant's actions from the date of the incident to the present.  Due to prior interference in the lives of Plaintiff and her family by the County of San Diego's Health and Human Services Agency and its social workers, however, Plaintiff was unusually susceptible to such fear, anxiety, and other symptoms of emotional distress as a result of the interviews that are the subject of this action."  (ECF No. 168 at 2–3.)

[4]    This is not to say that the records do not constitute "mental health records" that show "treatment" Williams received.  Although Williams participated in these therapy sessions in furtherance of D.C.'s treatment, she, too, was counseled by Dr. Kierce, as is reflected in the parental session notes, the email correspondence with Dr. Kierce, and the deposition testimony reviewed by the Court.  The Court highlights the context of these records as the context impacts the Court's proportionality analysis.

caused or contributed to the injuries Williams claims she suffered—and continues to suffer—as a result of the incident in this case, any benefit to the County is minimal and is outweighed by the burden of production on D.C,[5] with one exception.

One treatment record, dated August 3, 2018, bates-stamped CSD 1838, for a parent session between Williams and Dr. Kierce, reflects a discussion with Williams regarding her psychosocial history and the historic life events that contributed to her emotional status. A redacted portion of that August 3, 2018 treatment record, redacted to reveal only the date, time, treatment provider, and the entry entitled, "Content of Session" is to be produced. The Court finds that it is relevant and responsive, and its importance to the issues of the case outweighs the burden of its production.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Williams does not have to produce records bates-stamped CSD 1726–1935, with the exception of a redacted portion of CSD 1838.

**IT IS SO ORDERED.**

Dated: July 20, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[5]     Similarly, the Court previously determined that Dr. Kierce's treatment records for the minor plaintiff, A.C., which included family and/or parent sessions involving Williams, should not be produced, as A.C.'s mental and/or emotional health treatment records for that period were not proportional to the needs of the case. (ECF No. 168 at 10 n.13, 11.)

EXHIBIT A

# DONNIE R. COX

### Attorney at Law
402 North Nevada Street
Oceanside, CA 92054-2520

Telephone: (760) 400-0263                                    Fax: (760) 400-0269

MAY 14 ...i

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

May 14, 2021

Hon. Magistrate Jill L. Burkhardt
Suite 5140
Edward J. Schwartz United States Courthouse
221 West Broadway
San Diego, CA 92101

MAY 14 2021

CLERK, U.S. DISTRICT ...
SOUTHERN DISTRICT ...ENIA
BY                            ...PUTY

    *Re:*   *Williams, et al. v. County of San Diego*
           Case No. 17-cv-0815-MMA-JLB

Dear Judge Burkhardt:

Pursuant to this Court's Minute Order dated May 7, 2021, and the joint voicemail
left by counsel on May 4, 2021, Plaintiffs are producing herewith documents
Bates-Stamped CSD 1726 through CSD 1935 for this Court's *in camera* review.

As a reminder, these documents are being produced to this Court based on its May
31, 2019 Order (ECF No. 98). That Order concerned the County's Motion to
Compel further responses to the following Request for Production (as it relates to
Plaintiff Katy Williams):

> Request for Production No. 6: "All medical and mental health records
> that show treatment you received from medical and/or mental health
> providers identified in your response to Special Interrogatory No. 16."
> (See ECF No. 96-1, Ex. C, pg. 2; ECF No. 96, pg. 2-3)

> Special Interrogatory No. 16: "If you received treatment from any
> licensed professional/healthcare provider (including but not limited to
> doctors, therapists, counselors, clinical social workers, psychologists,
> psychiatrists and psychotherapists) for any emotional or mental health
> condition from January 19, 2011 through January 19, 2016, please list
> the dates of treatment, the name and address of the treatment provider,
> the nature of treatment, the condition you were treated for, and any

May 14, 2021
Page Two

> diagnosis received." (See ECF No. 96-1, Ex. B, pg. 2; ECF No. 96,
> pg. 3)

Plaintiff previously produced all known mental health records that pertain to
**treatment** Katy Williams received from a licensed professional for her own
emotional or mental health condition/s for the pertinent time period directly to the
Defendants.  All other medical records were provided to you for your review in-
camera.

The records being produced herewith are the records of Emily N. Kierce, PsyD,
NCSP and Timothy H. Rayner, M.D. They clearly specify that they are the records
of "Patient Name: C███, D███████." D██████ is Ms. Williams' son, who is not a
party to these proceedings and is presently 10-years-old. There are no records from
these providers that indicate that Ms. Williams was a patient.

Sincerely,

*Donnie R. Cox*

EXHIBIT B



# County of San Diego

**DAVID SMITH**
ACT NG COUNTY COUNSEL

OFFICE OF COUNTY COUNSEL
1600 PACIFIC HIGHWAY, ROOM 355, SAN DIEGO, CA 92101
(619) 531-4860    Fax (619) 531-6005

**KATE D. JONES**
SENIOR DEPUTY
Direct Dial: (619) 531-5888
E-Mail: kate jones@sdcounty ca gov

May 17, 2021

Hon. Magistrate Jill L. Burkhardt
Edward J. Schwartz United States Courthouse
221 West Broadway, Suite 5140
San Diego, CA 92101

      Re:   *Katy Williams, et al. v. County of San Diego, et al.*
            USDC Case No. 17-cv-0815-MMA-JLB

Dear Judge Burkhardt:

Pursuant to this Court's Minute Order dated May 7, 2021, and the joint voicemail left by counsel on May 4, 2021, Plaintiffs produced documents Bates-Stamped CSD 1726 through CSD 1935 for this Court's *in camera* review.

In Plaintiffs' letter dated May 14, 2021, they indicated that the documents were responsive to Defendant's Request for Production of Documents propounded on Katy Williams, numbers 6 and 16. This is incorrect. The documents are responsive to the following Requests for Production of Documents propounded on Ms. Williams:

REQEUST FOR PRODUCTION NO.4: Provide all documents that support your response to Interrogatory No. 10. (INTERROGATORY 10: Identify all medical and/or mental health providers who have provided treatment to you in the past 10 years, including their name, address, and hospital affiliation (if any).)[1]

REQUEST FOR PRODUCTION NO. 12: All mental health records that show you continued receiving treatment after the subject incident (between January 19, 2016 and present) for any emotional or mental health condition that you were diagnosed with and/or received treatment for before the subject incident (between January 19, 2011, and January 19, 2016).

On November 19, 2019 (ECF 152), this Court ordered Plaintiffs to produce documents to the Court that were responsive to Defendant's Request for Production of Documents. In the Order for the *in camera review* (ECF 168), the Court reviewed Williams' treatment records from 2016 to present and stated, "the records reflect that 'other circumstances' may have 'caused or

---

[1] During the meet and confer process, the parties agreed to narrow Interrogatory 10 to Ms. Williams' mental health providers in the past 5 years.

-2-                                        May 17, 2021

contributed to the injuries' Williams claims she suffered—and continues to suffer—as a result of the incident in this case.  For these reasons, the Court finds all the reviewed post-incident records to be relevant and important to resolving the issue of causation as it relates to Williams' claim for damages."

        The post-incident records at issue here also reflect "other circumstances" that "caused or contributed to the injuries" Ms. Williams claims she suffered—and continues to suffer—as a result of the incident in this case.  It is my understanding that Dr. Kierce had conjoint sessions with the whole family, including Ms. Williams.  And, as part of the family and D███'s treatment, Ms. Williams participated in private, parent-only sessions where she discussed personal issues and made admissions about work and family stressors that go directly to her claim of emotional damages.  Additionally, it is my understanding Ms. Williams discussed the family's involvement with Child Welfare Services and her lawsuits against the County with Dr. Kierce.  Finally, it is my understanding that communications between Ms. Williams and Dr. Kierce reveal that Dr. Kierce was treating the entire family and provided separate referrals for D███, Alexia, and the family upon termination of treatment.

                        Very truly yours,

                        Office of County Counsel


                        By      *Kate D. Jones*
                                KATE D. JONES, Senior Deputy

KDJ:amr
17-90183