UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATY WILLIAMS, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 17-cv-00815-MMA (JLB)<br><br>**ORDER RE: DEFENDANT'S REQUEST FOR ATTORNEY'S FEES** |

Presently before the Court is a request for attorney's fees filed by Defendant County of San Diego ("Defendant" or "County"), supported by declarations from counsel (ECF Nos. 60, 84), and oppositions filed by Plaintiff Katy Williams ("Plaintiff" or "Williams") (ECF Nos. 68, 88). For the reasons set forth below, Defendant's request for fees is **GRANTED IN PART** and **DENIED IN PART**.

I.　　BACKGROUND

The present request for attorney's fees comes to the Court following the denial of Williams' motion to compel further responses from Defendant to her Interrogatories, Set One, and Request for Production of Documents, Set One. (ECF No. 49.) On July 19, 2018, Williams served interrogatories (set one) and requests for production (set one) on Defendant, "seeking information relating to the documents from the Juvenile Court file

reviewed by County Counsel prior to the Early Neutral Evaluation Conference [("ENE")]." (*See* ECF No. 45-2 at ¶ 11, Exhs. 1 & 2.)

The interrogatories asked the following:

1. Have YOU reviewed any documents in conjunction with the litigation filed in this case, other than those documents produced to YOU by Plaintiffs on May 18, 2018, since the litigation was filed in this matter on April 24, 2017?

2. If YOUR answer to Interrogatory No. 1 is "yes," please identify each and every document that you have reviewed, other than documents produced to YOU by Plaintiffs on April 24, 2017.

(*See* ECF No. 50-3 at 5.) The terms YOU and YOUR were defined as: "Defendant COUNTY OF SAN DIEGO, including its Health and Human Services Agency, and any other entity, program and agency of the COUNTY, and includes, but is not limited to, YOUR past and present attorneys, agents, employees, representatives, agencies, organizations, entities or any of them, and any PERSON and ENTITY acting through or on YOUR behalf." (*See id.* at 3.)

Williams' request for production similarly requested: "Please produce each and every DOCUMENT that YOU have identified in YOUR Responses to Plaintiff Katy Williams' Interrogatories Propounded to Defendant County of San Diego, Set One." (*See* ECF No.50-4 at 7.)

Defendant objected to the interrogatories and request for production on the grounds that they were overbroad and unduly burdensome, with no limitation in scope, and sought information protected from disclosure by the work product doctrine and the attorney-client privilege. (*See* ECF Nos. 50-5; 50-6.) Defendant did not otherwise respond or produce documents. (*See id.*)

On September 25, 2018, Williams filed a motion to compel further responses. (ECF Nos. 45; 50 (sealed).) In response, Defendant moved for a protective order and requested that the Court order Williams' counsel to pay the expenses, including attorney's fees, which it incurred in opposing Williams' motion and seeking a protective order, and any additional

sanctions the Court deems appropriate pursuant to Federal Rule of Civil Procedure 37(a)(5). (ECF Nos. 46; 51 (sealed).)

On October 15, 2018, the Court denied Williams' motion to compel further responses from Defendant to her Interrogatories, Set One, and Request for Production of Documents, Set One. (ECF No. 49.) The Court specifically held that the interrogatories and request for production seek information protected by the work product doctrine and shielded from disclosure. (ECF No. 49 at 10.) The Court declined to issue a protective order, but tentatively held that it was appropriate to order Williams to pay Defendant the reasonable expenses, including attorney's fees, which it incurred in opposing Williams' motion to compel. (*Id.* at 11–12.) The Court determined that "Defendant is the prevailing party on the discovery motion." (*Id.* at 11.) The Court further expressed deep concern about Williams' violation of her obligation to respect the confidentiality of statements made at the ENE by repeatedly citing representations allegedly made by Defendant's counsel at the ENE in her motion to compel. (*Id.*)

The Court ordered the parties to meet and confer on the subject of reasonable expenses, including attorney's fees, and thereafter to advise chambers if either party wished to be heard. (*Id.* at 13.) If neither party wished to be heard, Williams was ordered to pay Defendant the amount of reasonable expenses, including attorney's fees, incurred by Defendant in opposing Williams' motion to compel. (*Id.* at 13.) If either party wished to be heard, the matter was to be briefed in accordance with a briefing schedule provided by the Court. (*Id.*)

In compliance with the Court's briefing schedule, the parties jointly called to inform the Court that Williams wished to be heard. (*See* ECF No. 57.) Williams thereafter filed an objection before the Honorable Michael M. Anello to the Court's denial of Williams' motion to compel. (ECF No. 58.) In compliance with the Court's initial briefing schedule, Defendant filed declarations seeking total fees in the amount of $8,183.00, which were incurred in opposing Williams' motion to compel and preparing the fee declarations. (ECF No. 60.) Williams filed an opposition to Defendant's declarations. (ECF No. 68.)

On December 21, 2018, Judge Anello overruled Williams' objection to the Court's October 15, 2018 Order. (ECF No. 79.) Specifically, Judge Anello overruled Williams' objections (1) to the Court's finding that the interrogatories and request for production sought information covered by the work product doctrine, and (2) to the Court's finding that Williams violated both the Local Civil Rules and its ENE order. (*Id.* at 6–10.) Judge Anello also overruled as premature Williams' objection to the imposition of sanctions on the grounds her motion to compel was substantially justified, as the Court has not yet issued an order making a final determination on the issue. (*Id.* at 10–11.)

On December 28, 2018, Defendant filed an *ex parte* motion for leave to file a supplemental declaration regarding the fees and costs it expended in opposing Williams' objections to the Court's October 15, 2018 Order. (ECF No. 80.) Williams filed an objection. (ECF No. 81.) On January 23, 2019, the Court granted the *ex parte* motion. (ECF No. 82.) Defendant thereafter filed its supplemental declaration, which updated its total fees request to $12,544.00. (ECF No. 84.) Williams filed an opposition. (ECF No. 88.)

## II.  LEGAL STANDARD

When a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Courts "must calculate awards for attorneys' fees using the 'lodestar' method." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The lodestar method is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Ferland*, 244 F.3d at 1149 n.4).

"A strong presumption exists that the lodestar figure represents a reasonable fee," and courts must "decide whether to enhance or reduce the lodestar figure based on an

evaluation" of the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), "that are not already subsumed in the initial lodestar calculation." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 & n.4 (9th Cir. 2000) (citations and internal quotation marks omitted); *see also Parsons v. Ryan*, 949 F.3d 443, 467 (9th Cir. 2020); *Ferland*, 244 F.3d at 1149 n.4. The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases

*Kerr*, 526 F.2d at 70. District courts have "discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## III. DISCUSSION

### A. Defendant's Request for Attorney's Fees

In support of Defendant's request for attorney's fees, Defendant filed the declarations of Kate Jones ("Jones") and Erica Cortez ("Cortez"). (*See* ECF Nos. 60, Declaration of Kate Jones Regarding Attorney's Fees ("Jones Decl."); 60-1, Declaration of Erica Cortez Regarding Attorney's Fees ("Cortez Decl.").) Jones and Cortez are employed by Defendant as Senior Deputy County Counsel. (Jones Decl. ¶ 1; Cortez Decl. ¶ 1.) Jones is the attorney of record for Defendant in this case, and Cortez is her supervisor. (*Id.*)

The Office of County Counsel maintains computerized time records of attorneys' time. (Jones Decl. ¶ 2; Cortez Decl. ¶ 1.) An attorney's time is required to be entered accurately in tenths of an hour. (*Id.*) The hourly rate for both Jones and Cortez is $245 per hour. (Jones Decl. ¶¶ 4, 6; Cortez Decl. ¶¶ 3, 5.) Jones contends she spent 28.4 hours opposing Williams' motion to compel and preparing her fee declaration, for a total of $6,958. (Jones Decl. ¶ 4.) Cortez contends she spent 5 hours supervising and assisting

Jones in opposing Williams' motion to compel and in preparing her fee declaration, for a total of $1,225. (Cortez Decl. ¶ 3.)

Jones filed a supplemental declaration regarding the time she expended in opposing Williams' objections to the Court's October 15, 2018 Order and in updating her fee declaration. (ECF No. 84, Supplemental Declaration of Kate Jones Regarding Attorney's Fees ("Jones Supp. Decl."), ¶ 4.) Jones contends she spent an additional 17.8 hours filing the opposition and updating her fee declaration. (*Id.*) Accordingly, Jones contends she spent a total of 46.2 hours successfully opposing Williams' motion to compel and preparing fee declarations, for a total of $11,319. (*Id.*)

### B.  Substantially Justified

Williams argues that her motion to compel was substantially justified "because reasonable minds can differ on the issues raised regarding the sought Juvenile Case File documents currently in Defendant's possession (without the approval of the Juvenile Court), and whether they are protected by the attorney work product privilege." (ECF No. 68 at 4.) Williams maintains that her "arguments were soundly supported by the facts surrounding the dispute" and the question of whether the work product doctrine applies to the documents in question "is subject to reasonable dispute." (*Id.*) Williams adds that she "was justified in bringing her motion [to] seek[] information that Defendant has had in its possession since the inception of this lawsuit and that Plaintiffs still do not have some 18 months after filing their lawsuit." (*Id.*)[1]

---

[1] Williams has acknowledged that the Juvenile Court ordered the release of the minor plaintiffs' Juvenile Case Files in response to Cal. Welf. & Inst. Code §§ 827 and 828 petitions on September 21, 2018, subject to certain redactions, four days before she filed her motion to compel. (ECF Nos. 50-2 at 2; 58 at 14–15.) The materials were to be released by late October or early November. (ECF No. 50-2 at 2.) By filing her motion to compel, Williams claims she was "simply attempting to 'accelerate disclosure of matters' that will ultimately be revealed in due course (albeit very lengthy due course)." (ECF No. 58 at 18.) Ultimately, Williams did obtain additional documents from the minor plaintiffs' Juvenile Case Files and used them in support of her motion for partial summary judgment. (*See,*

The test for whether a motion to compel was substantially justified depends on whether "the dispute over discovery between the parties [was] genuine, though ultimately resolved one way or the other by the court." Fed. R. Civ. P. 37, advisory committee's note to 1970 amendment. "In such cases, the losing party is substantially justified in carrying the matter to court." *Id.* The purpose of the rule is to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Id.* In *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647 (9th Cir. 1982), *overruled on other grounds by Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 210 (1999), the Ninth Circuit held that a request for discovery is substantially justified if "reasonable people could differ as to whether the party requested must comply." *Id.* at 649. The party being sanctioned bears the affirmative burden of demonstrating that its position was substantially justified. *Brown v. Hain Celestial Grp., Inc.*, No. C 11-03082 LB, 2013 WL 5800566, at *5–7 (N.D. Cal. Oct. 28, 2013); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Williams contends that the Court's "denial was based primarily upon the wording of the requests and a concern that Plaintiffs were seeking documents protected by the attorney work product privilege." (ECF No. 68 at 2.) Yet, Williams still downplays the significance of "the wording." As the Court previously noted: "Williams did not request the production of Juvenile Case File documents in the possession of Defendant. Rather, she requested identification of, and production of, documents reviewed by Defendant *and/or counsel* 'in conjunction with' this litigation." (ECF No. 49 at 9.) Thus, the requests necessarily sought opinion work product, *i.e.*, attorney mental impressions, conclusions, opinions, or legal theories, which represents the core type of protected work product. (*See id.* at 9–10.)

---

*e.g.*, ECF No. 201 at 3 ("Plaintiffs' Exhibits 16 through 42 [in support of their motion for partial summary judgment, ECF No. 183] are documents that were ordered released by the juvenile court in response to the sections 827 and 828 petitions."); *see also* ECF No. 213 (sealed) (Exhibits 16-42 comprising approximately 144 pages).

Williams' primary concern in bringing the motion to compel was her comparative lack of access to the Juvenile Case Files. (ECF No. 68 at 2, 5.) However, she had a parallel concern about Defendant's allegedly unlawful and unauthorized access to the Juvenile Case Files in its client's possession. (ECF Nos. 50-1 at 3–5; 68 at 2.) The Court acknowledges that the parties have an ongoing dispute over defense counsel's review of the minor plaintiffs' Juvenile Case Files. The same day Williams filed her motion to compel, the minor plaintiffs filed a separate class action lawsuit against Cortez, Jones, and the County, alleging the defendants violated the U.S. Constitution when County Counsel inspected and/or accessed the minor plaintiffs' entire and unredacted juvenile records and/or case file without judicial authorization in the present case. *See A.C., et al. v. Cortez, et al.*, Case No. 18-cv-02227-AJB (AGS) (S.D. Cal.) ("*A.C.*"), ECF No. 1 ¶¶ 19, 46–53. In their class action complaint, the minor plaintiffs allege that "[s]ince at least 2003, it has been clearly established that an attorney representing the government in civil litigation may not access or use confidential juvenile court records without first obtaining court approval to do so. And, that such conduct violates the constitutional rights of the litigants who are the subjects of those juvenile court records." *Id.* ¶ 48 (citing *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003)).[2]

---

[2] On July 23, 2019, the case was dismissed without leave to amend, with the court finding that the minor plaintiffs had failed to state a claim and that Cortez and Jones were entitled to qualified immunity on the privacy claims. *A.C.*, ECF No. 42; *see also A.C. v. Cortez*, 398 F. Supp. 3d 748, 756 (S.D. Cal. 2019). The minor plaintiffs filed an appeal, which remains pending. *See A.C.*, ECF No. 48. That appeal was stayed, in part, pending the issuance of a decision in Case No. 19-16815, *Nunes v. Stephens*, which has now been issued. *A.C.*, ECF No. 48. On December 29, 2020, the Ninth Circuit issued a decision in *Nunes* holding that the defendants, which included, *inter alia*, county counsel, were entitled to qualified immunity as there was no clearly established constitutional privacy right in juvenile records. *See Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC)*, 983 F.3d 1108, 1114 (9th Cir. 2020). Specifically, the Ninth Circuit held that it could not "conclude that every reasonable official acting as [the d]efendants did would have known they were violating the constitutional rights of [the p]laintiffs based on *Gonzalez*, the only authority on which [the p]laintiffs' rely." *Id.* The Ninth Circuit added that it did "not decide whether

However, filing an improper motion to compel was not the proper remedy nor the proper tool for gathering evidence to support the filing of the *A.C.* litigation, especially where Williams did not argue, much less establish, that an exception to the opinion work product doctrine applies. Accordingly, the Court finds that Williams has failed to demonstrate that her motion to compel was substantially justified.

C.  **Confidential ENE Statements**

In its October 15, 2018 Order, the Court also held that Williams' counsel violated the Local Civil Rules and this Court's Order setting the ENE when Williams "repeatedly cited representations allegedly made by Defendant's counsel at the [ENE] in her motion to compel."[3] (ECF No. 49 at 11–12.) Statements made during an ENE are "off the record, privileged, and confidential." (*Id.* at 12.) Not only do the Local Civil Rules for the Southern District of California state as such, *see* CivLR 16.1(c)(1)(b), but the Court's Order setting the ENE clearly states: "All ENE Conference discussions will be informal, off the record, privileged and confidential." (*See* ECF No. 31 at 1.) Therefore, the Court determined that it was "appropriate to order Plaintiff to pay Defendant the reasonable expenses, including attorney's fees, which it incurred in opposing Williams' motion to compel" on this basis as well. (ECF No. 49 at 12.)

As previously recognized in this District, "disclosure of information exchanged in the confidentiality of a Settlement Conference undermines the trust jurists of this Court have earned in the legal community and diminishes the integrity and effectiveness of the Settlement Conference process." *Century Sur. Co. v. 350 W.A., LLC*, No. CIV. 05CV1548-LLSP, 2008 WL 1787491, at *3 (S.D. Cal. Apr. 16, 2008). As such, any unauthorized disclosure has served as a basis for sanctions against the violating attorney. *See id.*; *see*

---

the Constitution provides a privacy right in juvenile records; rather, [it] decide[d] only that no such right was clearly established at the time of the Defendants' alleged conduct." *Id.*

[3]  Defendant denies that its counsel made the statements Williams alleges they made during the ENE. (*See, e.g.*, ECF No. 51 at 3, 6, 8, 9.)

*also* CivLR 83.1(a) ("Failure of counsel . . . to comply with these rules, with the Federal Rules of Civil . . . Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court . . . .").

In her opposition, Williams argues that the "confidentiality and privilege governing communications during an ENE Conference does not extend to the present dispute, since the sought information does not relate to the liability for or invalidity of Plaintiff's claim or its amount." (ECF No. 68 at 5–6.) Williams does not cite any authority to support her position that this Court's Order setting the ENE and this District's Local Rules carve out an exception on this basis. Williams further cites *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928 (N.D. Cal. Oct. 15, 2010) in an attempt to justify disclosure to "prevent manifest injustice," but *Jones* involves the Northern District of California's Local Rules for Alternative Dispute Resolution ("ADR Local Rules"). *Jones*, 2010 WL 4055928 at *1, 7, 20. Those rules do not apply in this District.[4]

As stated above, the Court acknowledges that the parties have an ongoing dispute over defense counsel's review of the minor plaintiffs' Juvenile Case Files. However, this legal dispute does not provide a basis for Williams to breach her obligation to maintain the confidentiality of communications made during the ENE. Even the Northern District's ADR Local Rules, on which Williams relies, require "prior court approval for any

---

[4] The other cases relied on by Williams are similarly inapplicable as they do not apply this District's Local Civil Rules or address the Court's Order setting the ENE. *See Munoz v. J.C. Penney Corp.*, No. CV09-0833ODWJTLX, 2009 WL 975846, at *3 (C.D. Cal. Apr. 9, 2009) (declining to adopt a federal mediation privilege that precludes the use of mediation-related settlement communications for purposes of assessing the sufficiency of a removal; finding that Fed. R. Evid. 408 is not offended by such use); *Molina v. Lexmark Int'l, Inc.*, No. CV0804796MMMFMX, 2008 WL 4447678, at *4 (C.D. Cal. Sept. 30, 2008) (same); *see also F.D.I.C. v. White*, 76 F. Supp. 2d 736, 736–38 (N.D. Tex. 1999) (holding that Fed. R. Civ. P. 501 does not create a mediator privilege; permitting the defendants to testify about statements made at a mediation where the parties have filed cross-motions to enforce the settlement agreement reached at the mediation).

disclosures otherwise prohibited" so that the court may engage in a balancing test. *See Jones*, 2010 WL 4055928, at *8, 11. Here, Williams did not seek leave of court before disclosing the statements in a public filing, nor did she even attempt to file her motion to compel under seal. The Court *sua sponte* ordered the motion sealed. (*See* ECF No. 49.) The only exception recognized by *Jones* to the requirement of prior court approval is when "truly exigent circumstances" exist. *See Jones*, 2010 WL 4055928, at *8, 12. Those are not present here. Williams had a remedy, filing a lawsuit, which she exercised. *See A.C.*, ECF No. 1.

Given the foregoing, the Court finds that it is appropriate to order Williams to pay Defendant the reasonable expenses, including attorney's fees, which it incurred in opposing Williams' motion to compel. Thus, the Court turns to addressing the reasonableness of Defendant's claimed hourly rates and hour expended.

### D. Reasonable Hourly Rates

#### 1. Legal Standard

When determining a reasonable hourly rate, the district court should consider the prevailing hourly rate in the relevant community. *Camacho*, 523 F.3d at 979. Generally, "the relevant community is the forum in which the district court sits." *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Rates outside of the relevant community should only be used when "local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (quoting *Barjon*, 132 F.3d at 500). Although determining the "appropriate market rate" for a lawyer's services can be difficult, "the established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* (citations and internal quotation marks omitted).

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

experience and reputation." *Id.* at 980 (quoting *Blum v. Stenson*, 456 U.S. 886, 895 n.11 (1984)).  Satisfactory evidence of the prevailing market rate can include "affidavits of the [requesting] attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases." *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).  The party opposing the fees application has the "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Id.* (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

2. <u>Analysis</u>

Defendant contends that the rate of $245 per hour for Jones and Cortez is reasonable given their skill, reputation, and experience in civil rights cases.  (Jones Decl. ¶¶ 6–9; Cortez Decl. ¶¶ 6–9; Jones Supp. Decl. ¶¶ 6–9.)  Defendant represents that the Auditor and Controller of the County of San Diego makes an annual determination as to the actual cost of the Office of County Counsel's attorneys' time, and beginning July 1, 2018, the actual cost of attorneys' time was $245 per hour.  (Jones Decl. ¶ 6; Cortez Decl. ¶ 5; Jones Supp. Decl. ¶ 6.)  Defendant further represents that a review of cases in the Southern District of California "demonstrates that prevailing attorneys in civil rights cases have been awarded fees between $250 per hour and $650 per hour, depending on their level of experience and expertise."  (Jones Decl. ¶ 8 (citing cases); Cortez Decl. ¶ 7 (citing cases); Jones Supp. Decl. ¶ 8 (citing cases).)

At the time she filed her initial declaration, Jones had approximately seven years of experience as a civil defense attorney, specializing in defending civil rights actions against government agencies.  (Jones Decl. ¶ 9; *see also* Jones Supp. Decl. ¶ 9.)  Jones has worked for the State of Virginia, the U.S. Department of Justice and the County of San Diego.  In addition, at the time she filed her initial declaration, Cortez had practiced law for over nine years, with a specialty in "prosecuting juvenile dependency actions on behalf of the County in addition to defending the County in civil rights actions."  (Cortez Decl. ¶ 8.)

For purposes of Defendant's fees request, Williams "does not take issue with defense counsels' claimed hourly rate of $245/hour based on defense counsels' stated years of experience and the non-complex nature of the motion." (ECF No. 68 at 8.) Accordingly, the Court finds that Defendant has established that a rate of $245 per hour is reasonable for Jones and Cortez.

### E. Reasonableness of Hours Expended

#### 1. Legal Standard

A "reasonable" number of hours equals "[t]he number of hours . . . [which] could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). The fee requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Id.* The fee requesting party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Largely, a district court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (quoting *Moreno*, 534 F.3d at 1112). However, district courts have discretion to reduce the number of hours that were not reasonably expended. *Hensley*, 461 U.S. at 434; *see also Gates*, 987 F.2d at 1399. A district court may conduct an "hour-by-hour analysis of the fee request," and exclude those hours for which it would be unreasonable to compensate the prevailing party. *Gonzalez*, 729 F.3d at 1203 (quoting *Gates*, 987 F.2d at 1399). A district court, "when faced with a massive fee application," may also "make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Id.* (citation and internal quotation marks omitted).

When a district court makes its award, it must provide a "concise but clear" explanation of its reasoning. *Moreno*, 534 F.3d at 1111 (quoting *Hensley*, 461 U.S. at 437).

A district court can also "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Id.* at 1112.

### 2. Analysis

Williams contends that Defendant's claimed hours are unreasonable. (ECF Nos. 68 at 7–10; 88 at 5.) The Court addresses Defendant's specific objections below.

#### a. *Meet and Confer Time Entries*

Williams opposes all meet and confer entries and requests that all 4.1 hours spent "meeting and conferring" be excluded from the request for attorney's fees. (ECF No. 68 at 9.) Relying on *Aevoe Corp. v. AE Tech Co.*, No. 2:12-CV-00053-GMN, 2013 WL 5324787 (D. Nev. Sept. 20, 2013), Williams claims that "[d]efense counsel may not claim hours for the meet and confer process, only for opposing the motion itself." (ECF No. 68 at 9.) However, Williams' reliance on *Aevoe* is inapposite. Defense counsel explicitly states that the "Meet & Confer with Staff" entries "refe[r] to time spent meeting and strategizing with colleagues," which "includes discussing Plaintiff['s] factual allegations, Defendant's defenses, legal theories and research, and pleadings." (Jones Decl. ¶ 5; Cortez Decl. ¶ 4; Jones Supp. Decl. ¶ 5.) These meetings are therefore intra-office conferences, unlike the meet and confer process in *Aevoe*, which refers to the local rules requiring counsel from both parties to attempt to resolve disputes together before filing a discovery motion.

However, a court may reasonably reduce the hours billed for intra-office conferences if they are unnecessary and duplicative. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (finding hours for intra-office conferences between primary counsel and her colleague reasonably reduced by the district court as "unnecessary and duplicative" given primary counsel's "substantial experience" and "failure to provide a persuasive justification for the intra-office meetings"); *see also Love v. Sanctuary Recs. Grp., Ltd.*, 386 F. App'x 686, 689 (9th Cir. 2010). In reviewing the motion at issue, the Court determines that only two hours of time spent meeting and conferring with colleagues is

reasonably charged to Williams. Given Jones' substantial experience in defending civil rights actions against government agencies and the lack of specificity as to which colleagues other than her supervisor she met and conferred with, Defendant has not persuaded the Court that the full 4.1 hours are justified.

### b.   *Review Motion Time Entries*

Jones spent one hour reviewing Williams' motion to compel, .5 hours reviewing the Court's October 15, 2018 Order, and .5 hours reviewing an unknown motion/order.[5] (Jones Decl. ¶ 4.) Subsequently, Jones spent one hour reviewing an unknown motion on November 26, 2018.[6] (Jones Supp. Decl. ¶ 4.) Cortez spent three hours reviewing Williams' motion to compel and/or Defendant's draft opposition and .5 hours reviewing the Court's October 15, 2018 Order. (Cortez Decl. ¶ 3.)

Williams argued after the submission of the initial fees declaration that "[s]hould the Court be so inclined to grant attorneys fees at all, th[e] one hour" Jones spent reviewing the motion to compel is appropriate, and nothing else. (ECF No. 68 at 9.) Although she does not specifically address the additional time Jones spent on November 26, 2018, Williams contends that "a reasonable number of hours to prepare the documents submitted by [Defendant] in support of this discovery dispute is 7.5 hours." (ECF No. 88 at 5.) In addition, Williams argues that the "3 hours Cortez claims to have spent reviewing the 11-page opposition is unnecessary, excessive, and constitutes needless duplication of efforts." (ECF No. 68 at 9.) Williams further argues that the .9 hours Cortez "claims she spent . . . reviewing documents after the opposition was filed, . . . should be excluded." (*Id.*)

---

[5]   Jones spent .5 hours reviewing a motion/order on October 24, 2018. (Jones Decl. ¶ 4.) However, no new motions or pertinent orders were filed on the docket between October 15, 2018 and October 24, 2018, so it is unclear what Jones reviewed.

[6]   Although no motion was filed on November 26, 2018, as Defendant filed its opposition (ECF No. 65) to Williams' objection to the Court's October 15, 2018 Order (ECF No. 58) on November 27, 2018, it is likely the motion referred to was Williams' objection.

Based on the foregoing, the Court finds that the .5 hours Jones spent reviewing an unspecified motion/order on October 24, 2018 to be unsupported and therefore unnecessary. The Court further finds that it was excessive for Cortez to spend three hours reviewing an approximately 38-page motion to compel. Jones was able to review the same document in one hour. To the extent Cortez considered the entry "Review Motion" to also refer to review of the opposition being drafted by Jones, the Court finds the entries unclear and therefore unsupported. As they are unsupported, the Court finds it appropriate to reduce by two hours the time spent by Cortez reviewing motions. However, the Court rejects Williams' objection to the time Cortez spent reviewing the Court's October 15, 2018 Order and reviewing and revising documents thereafter. In its October 15, 2018 Order, the Court tentatively determined that ordering Plaintiff to pay Defendant reasonable expenses, including attorney's fees, was appropriate, and Cortez submitted her fee declaration, as ordered, on October 30, 2018.

c. *Draft Document/Opposition Time Entries*

Jones spent seventeen hours drafting Defendant's opposition to the motion to compel, including research. (Jones Decl. ¶ 4.) She thereafter spent 6.5 hours drafting her fees declaration, which included two hours of research. (*Id.*) Jones then spent sixteen hours drafting her opposition to Williams' objection to the Court's October 15, 2018 Order, including at least three hours of research. (ECF No. 84 ¶ 4.). Lastly, Jones spent .5 hours drafting an updated fees statement. (*Id.*; *see also* ECF No. 80.)

Williams contends that the hours claimed by Jones in drafting the opposition to the motion to compel are unreasonable given that the motion did not involve complex or complicated discovery issues, only involved limited interrogatories and requests for production, and did not require extensive legal research. (ECF No. 68 at 8.) Williams notes that the "11-page opposition only had one general case citation, and simply mentioned aspects of the Federal Rules of Civil Procedure that may apply to the dispute." (*Id.*) Williams further contends that the hours claimed by Jones in drafting the opposition to the Court's October 15, 2018 Order were unreasonable because the 11-page opposition

was substantially similar to and merely restated the arguments in its prior opposition and did not include a single citation to controlling authority. (ECF No. 88 at 5.)

Williams also objects to the hours Jones and Cortez spent drafting their fees declarations. (ECF No. 68 at 9.) She argues that "the time estimates to complete the substantially similar three-and-a-half-page declaration [are] excessive and should be substantially reduced." (*Id.* at 9–10; *see also* ECF No. 88 at 5.) Williams submits that a reasonable number of hours to prepare and review the 11-page opposition and the two substantially similar three-and-a-half-page declaration is five hours, and a reasonable number of hours to prepare all of the documents submitted by Defendant related to this discovery dispute is 7.5 hours. (*Id.* at 10; *see also* ECF No. 87 at 5.)

Generally, a court should defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Chaudhry*, 751 F.3d at 1111 (quoting *Moreno*, 534 F.3d at 1112); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). However, "a reduction in hours is appropriate if the court reasonably concludes that preparation of a motion 'demanded little of counsel's time.'" *Welch*, 480 F.3d at 950 (quoting *Webb v. Sloan*, 330 F.3d 1158, 1170 (9th Cir. 2003)). A court may properly impose a reduction for block billing if it "'explain[s] how or why the reduction fairly balances' those hours that were actually billed in block format." *Id.* at 948 (quoting *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (internal alterations omitted)).

Here, the Court finds that the full amount of time Defendant billed for preparing its oppositions, supporting documents, and fee statements is not, in total, reasonably charged to Williams. Williams' motion to compel did not raise a complicated issue requiring extensive time and research. There were only two interrogatories, one request for production, and one overriding legal issue before the Court. As Williams noted, despite billing seventeen hours of time, at least eleven of which may have included research, Defendant's opposition contains only one case citation. Defendant's opposition also included a motion for protective order that was not well-taken and was denied. The Court

finds that Defendant is not entitled to any attorney's fees for time expended researching, drafting, or revising the motion for protective order. Because Defendant's time entries do not allow for the Court to neatly exclude the time spent drafting the motion for protective order or exclude the excessive amount of time spent conducting research, the Court finds a twenty percent reduction to be appropriate and to fairly address the Court's concerns. As such, the Court finds that 13.6 hours of the total seventeen hours Defendant spent opposing Williams' motion to compel are reasonable.

The Court also finds that the sixteen hours Defendant spent opposing Williams' objection to the Court's October 15, 2018 Order exceeds what should be reasonably charged to Williams. Although Defendant's opposition to Williams' objection specifically addressed the Court's October 15, 2018 Order and Williams' specific objections to that order, which involved distinguishing multiple cases cited by Williams in her objection, it also contains some duplication of prior efforts. (*See* ECF No. 65.) In light of the duplication of prior efforts, including most of the background section, the Court finds a twenty percent reduction of the claimed hours appropriate. *See Welch*, 480 F.3d at 950 (finding the district court did not err in reducing the requested 13 hours by 9 hours because much of the language "was recycled from submissions to other courts"). Accordingly, the Court finds that 12.8 hours of the total sixteen hours Defendant submitted for opposing Williams' objection to the Court's October 15, 2018 Order are reasonable.

Lastly, the fee declarations submitted by Defendant are not fulsome. As discussed below and throughout this Order, the fee entries are not very descriptive or particularly helpful. Other than the meet and confer entries, counsel does not further explain the computerized time entries in their declarations. Counsel also does not separate out their block-billed time. The fee applications are approximately two and half pages each and contain basic information and citations. Jones claims she spent 6.5 hours drafting her initial declaration, including research, and .5 hours drafting her supplemental declaration. Cortez claims she spent .6 hours drafting her declaration. The Court finds the .6 hours spent by Cortez to be reasonable, and .5 hours Jones spent drafting her supplemental declaration to

be reasonable. However, the Court finds that only three hours of the 6.5 hours claimed by Jones in drafting her initial declaration to be reasonable.

### 3. Lack of Evidence

Lastly, Williams takes issue with the lack of evidence provided by Defendant, other than the "self-serving and overgeneralized time entries by Cortez and Jones," to substantiate the hours counsel spent opposing Williams' motion to compel. (ECF No. 68 at 8; *see also* ECF No. 88 at 5.) Williams contends that it was "impossible to tell" from the chart provided by defense counsel whether the time spent was reasonably expended. (*Id.*)

Here, Defendant had the burden of producing "billing records to establish the number of hours it requested is reasonable." *Gonzalez*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS NLS, 2010 WL 4117416, at *1 (S.D. Cal. Oct. 18, 2010). Defendant has done so. Williams does not identify what other type of information she believes Defendant was required to produce. As discussed above, the Court acknowledges that the time entries are not overly descriptive, but the Court was able, nonetheless, to determine, with the exceptions noted herein, how defense counsel spent their time. Moreover, the documentation was adequate to put Williams on notice and allow her to meaningfully challenge the reasonableness of the hours claimed by Defendant.

### F. Adjustments to the Lodestar

The Court may adjust the lodestar figure upward or downward based on the *Kerr* factors. *Gonzalez*, 729 F.3d at 1209. Williams requests a downward adjustment to account for Defendant's unsupported, excessive time entries. (ECF Nos. 68 at 7–10; 88 at 5.) Because the Court already considered these issues when determining a reasonable number of hours, no further adjustment to the lodestar is necessary. *See Gonzalez*, 729 F.3d at 1209 n.11. Accordingly, the Court adopts the presumptively reasonable lodestar figure, *id.* at 1201, which is $8,942.50 (36.5 hours multiplied by $245/hour).

///

## IV. CONCLUSION

For the foregoing reasons, Defendant's request for fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Defendant fees in the amount of **$8,942.50**. Plaintiff's counsel is ordered to pay Defendant in full within **30 days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 16, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge